PER CURIAM.
The appellants, aggrieved defendants in an eminent domain proceedings, filed their notice of appeal in this court seeking review of an order granting a new trial 44 days after the entry of said order. The appel-lee has filed a motion to dismiss the appeal, contending that same was untimely filed, as § 73.14, Fla.Stat., F.S.A. provides a 30-day time limit for seeking review of final judgments in eminent domain proceedings. The appellants contend that the appeal [being authorized by the provisions of § 59.04, Fla.Stat., F.S.A.], having been filed within 60 days of the entry of the order granting a new trial, was timely notwithstanding the 30-day limitation contained in § 73.14, Fla. Stat.
It appears that the motion to dismiss should be granted. The purpose of enactment of § 59.04, Fla.Stat, F.S.A.,[1] and its predecessors was to permit an aggrieved party, at his option to seek review of an order granting a new trial by “prosecute an appeal to the proper appellate court” without awaiting final judgment; or he could abide the outcome of the new trial and then file, if an aggrieved party, an appeal from said final judgment and assign as error the entry of an order granting a new trial. Section 59.04, supra, merely created the right of review “to the proper appellate court” of an order not previously appealable as such. This enactment did not serve to expand or shorten the normal time for seeking appellate review in a given proceeding. In the instant case, § 73.14, Fla.Stat., F.S.A.,[2] prescribes a 30-day appeal period, which statute has been construed by the Supreme Court of Florida in Edwards v. Miami Shores Village, Fla. 1947, 40 So.2d 360, as permitting a review of an order granting a new trial. There are many different appeal periods prescribed in the Florida Statutes, among which are: § 39.14(2), providing 10 days in juvenile matters; § 83.27, providing 2 days in landlord and tenant proceedings; § 924.09, providing 90 days in criminal matters; § 932.53, providing 30 days on appeals from Justice of the Peace courts. The appellants have shown us nothing to the contrary and it appears that it would be the better rule if the time for seeking appellate review was uniform in a given proceeding.
Therefore, we hold that the time for seeking review of an order granting a new trial [which is authorized by § 59.04, supra] cannot be more nor less than that provided by the applicable statute for seeking review of the final decision in the cause. In the instant case the applicable *869 time for seeking review of the final judgment is 30 days. Therefore, the notice of appeal filed subsequently to said time was untimely and the motion to dismiss be and the same is hereby granted.
Motion to dismiss granted.

. “Appeal from order granting new trial. Upon the entry of an order granting a new trial, the party aggrieved may, without waiting for final judgment, prosecute an appeal to the proper appellate court, which, if the cause be reversed, may direct that final judgment be entered in the trial court for the party obtaining the verdict, unless motion in arrest of judgment or for judgment non obstante veredicto be made and prevail.”

. “Review by appeal. Any person aggrieved by the final judgment may appeal to the supreme court, but no appeal shall be entered after thirty days from the rendition of the judgment, and such appeal shall in no case operate as a super-sedeas where the petitioner has paid the amount of compensation into court as aforesaid, so as to prevent the petitioner’s appropriation of the property pending the appeal. If, at any time after the appeal is taken, the defendant shall take out of the court the amount found to be due him, the appeal shall be dismissed in the supreme court upon the filing of a certificate by the clerk of the circuit court, stating that the defendant has taken out the compensation as aforesaid.”