ALLEN, Judge.
This is an appeal taken from an order apportioning a condemnation award between a landlord and a lessee. The case is before us on a motion to dismiss the appeal on the ground that it was not taken within 30 days from the date of the apportioning order.
The order appealed became final on July 18, 1962, upon denial of appellant’s petition for rehearing. Notice of Appeal was filed in the lower court on September 11, 1962.
This appeal is a companion case to the cases involving the same parties, Fla.App., 147 So.2d 176, a petition for writ of cer-tiorari, Fla.App., 147 So.2d 175, an appeal directed solely to the aforementioned order denying appellant’s petition for rehearing, both of which we shall deny and dismiss respectively in separate opinions to be filed this date.
*175 Section 73.14, Florida Statutes, F.S.A., which relates to eminent domain, authorizes appeals to be taken within 30 days from final judgments entered in eminent domain proceedings. The Third District Court of Appeal discussed this statute in a recent case, Dean v. State Road Department, Fla.App.1962, 144 So.2d 867, holding that an appeal from an order granting a new trial, filed 44 days after the entry of the order, was untimely and thus dismissing the appeal.
The appellant argues that the factual situation in the instant appeal is different from the Dean case since in the instant case the appeal is directed to an apportionment order allocating the respective interests of a lessor and lessee.
We construe the 30 day limitation upon the time for taking an appeal to .relate to any order'or judgment arising out of eminent domain proceedings.
In the Dean case, supra, the appeal was taken from an order granting a new trial in an eminent domain proceeding. The appellants argued that, since the law otherwise authorizes 60 days within which to appeal an order granting a new trial, their appeal was timely filed even though it was from an order entered in an eminent domain proceeding where the statute limited the time in which to appeal to 30 days. The Court of Appeal of the Third District stated:
“ * * * There are many different appeal periods prescribed in the Florida Statutes, among which are: § 39.14 (2), providing 10 days in juvenile matters ; § 83.27, providing 2 days in landlord and tenant proceedings; § 924.09, providing 90 days in criminal matters; § 932.53, providing 30 days on appeals from Justice of the Peace courts. The appellants have shown us nothing to the contrary and it appears that it would be the better rule if the time for seeking appellate review was uniform in a given proceeding.”
If, in the instant case, there had been only one property owner and he was dissatisfied with the amount awarded him, he would undoubtedly have had but 30 days to take an appeal. We see no logical reason why, in a dispute between the landlord and lessee over the amount apportioned between them by the judge subsequent to the jury verdict awarding total compensation for the property taken, either of the parties should have a longer period than the 30 days prescribed by the eminent domain statute to take an appeal.
We shall, therefore, dismiss the appeal in this case.
SHANNON, C. J., and WHITE, J., concur.