THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of the District Court of Appeal, Third District, because of an alleged conflict with prior decisions of this Court.
We must decide whether an appeal from an order granting a motion for a new trial in eminent domain proceedings is governed by Section 73.14, Florida Statutes, F.S.A., or by Section 59.08, Florida Statutes, F.S.A.
The decision submitted for review is Dean et al. v. State Road Department of Florida, Fla.App., 144 So.2d 867.
The Road Department instituted eminent domain proceedings against Dean and others. After the verdict the Road Department filed a motion for a new trial. The motion was granted by the trial judge on June 11, 1962. On July 27, 1962, Dean and others appealed to the District Court of Appeal, Third District. Being of the opinion that the appeal was governed by Section 73.14, Florida Statutes, F.S.A., the District Court dismissed the appeal as having been filed too late. The decision dismissing the appeal is now submitted for review.
By its decision the District Court concluded that Section 73.14, supra, governing appeals from “final judgments” in eminent domain proceedings controls an appeal from an order granting a motion for a new trial. The petitioner here contends that this decision conflicts with prior decisions of this Court holding that an order granting a motion for a new trial is interlocutory and, therefore, not a final judgment. Martin v. Rosen et al., Fla., 68 So.2d 597; *650 Atlantic Coast Line Company v. Boone et al., Fla., 85 So.2d 834, 57 A.L.R.2d 1186. We find jurisdictional conflict. In the instant case the District Court held that an order granting a motion for a new trial is within the contemplation of Section 73.14, supra, governing appeals from- “final judgments” in eminent domain proceedings. In the alleged conflicting decisions this Court has held that an order granting a motion for a new trial is interlocutory and is ap-pealable only by virtue of Sections 59.04 and 59.07(4), Florida Statutes, F.S.A. Other conflicts of decision will be discussed as we reach the merits.
It will be recalled that the order granting the new trial was entered June 11, 1962. The notice of appeal was filed 46 days later on July 27, 1962. Section 73.14, Florida Statutes, F.S.A., governing eminent domain proceedings, reads in part as follows :
“Any person aggrieved by the final judgment may appeal to the supreme court, but no appeal shall be entered after thirty days from the rendition of the judgment, * * (Emphasis added.)
If the last quoted statute governed, the appeal was filed more than 30 days from the order granting the new trial and was, therefore, too late. This was in sum the holding of the District Court. That court treated the new trial order as a “final judgment” within the contemplation of the cited eminent domain statute. On the other hand, if the subject order was not a “final judgment” we will have to look to other statutes for the answer to our problem. Sections 59.04 and 59.08, Florida Statutes, F.S.A.
• ..Section 59.04, Florida Statutes, F.S.A., authorizes • an appeal from an order granting a new trial. In the absence of this specific authorization, such an order would not be appealable because it is not a final judgment. It. revives rather than terminates the judicial labor. Martin v. Rosen, supra; Atlantic Coast Line Railroad Co. v. Boone, supra; Edwards v. Miami Shores Village, Fla., 40 So.2d 360. In Edwards we held that an order granting a new trial in an eminent domain proceeding is appealable by virtue of Section 59.04, supra, rather than Section 73.14. In that decision we recognized that Section 73.14, supra, is applicable only to the final judgment in eminent domain. In order to permit an appeal from an order granting a new trial we turned to Chapter 59, which governs such appeals. We held that Section 73.14, supra, merely places a time limit of 30 days on appeals from final judgments in eminent domain. By its instant decision the District Court applied Section 73.14 to an appeal from a new tri'al order which, as we have said, is interlocutory and therefore not final within the contemplation of this section. On the other hand, Section 59.08, Florida Statutes, F.S.A., allows 60 days for the filing of appeals generally. It therefore governs an appeal from an order granting a new trial. There simply is no other applicable statute.
We can appreciate the view of the District Court to the effect that uniformity in the procedure for seeking appellate review is a desirable objective. However, despite the desirability of the result sought, we are compelled to give recognition to the governing statutes. We are merely confronted by a situation where a different rule might seem to us to be preferable but legislative action is required to accomplish it.
We have not overlooked the decision of the District Court of Appeal, Second District, in Rich v. Harper Neon Co. Inc., Fla.App., 147 So.2d 174. It is appropriate to note that this decision was not submitted to us for review.
To summarize, our holding here is that under existing statutes, appeals from final judgments in eminent domain proceedings must be filed within the time stipulated by Section 73.14, Florida Statutes, F.S.A. Ap *651 peals from orders granting' motions for new trial in eminent domain proceedings are governed by Sections 59.04 and 59.08, Florida Statutes, F.S.A.
For the reasons stated, the decision of the District Court of Appeal, Third District is quashed, and the cause is remanded to that court for further proceedings consistent herewith.
It is so ordered,
DREW, C. J„ ROBERTS and O'CON-NELL, JJ., and JONES, Circuit Judge, concur.