PER CURIAM.
This appeal is from a final decree which adjudges appellant guilty of practicing dentistry without a license contrary to the laws of Florida, and enjoins him from further engaging in the practice of dentistry in this state.
Appellant contended in the trial court that the facts in this case are substantially identical with the facts in the case of Peters v. Brown decided by the Supreme Court of Florida in an opinion filed on October 9, 1951, and reported in 55 So.2d 334, and that the rule of law enunciated by the Supreme Court in the Peters case should control the disposition of the case sub judice. Appel *843 lant contends on appeal that the trial court sought to distinguish the factual situation in the Peters case as gleaned from the published opinion of the court, from the factual situation present in the case now reviewed, and as a result of such assumed distinction applied a contrary rule of law to the issues of this case. In order to demonstrate the correctness of his position appellant included in the appendix filed with his brief the transcript of testimony elicited in the Peters case as reflected by the records and files of the Supreme Court of Florida.
Appellee has filed a motion asking that the transcript of testimony in the Peters case included in appellant’s appendix be stricken as having been included therein contrary to the rules of appellate procedure. We are of the view that appellee’s motion is well taken and should be granted. The rule provides that the appendix shall contain a copy of the material portions of the order, judgment or decree appealed from or sought to be reviewed or enforced together with any opinion of the court, board or commission, and any pertinent portion of any report of a master filed in the case. The appendix shall also contain a copy of such parts of the original record material to the points presented as the appellant desires the court to read.[1] It appears obvious that the objectionable transcript of testimony in the Peters case does not fall in any of the several categories of material which may properly be included in an appendix to a brief.
For the foregoing reasons appellee’s motion to strike the transcript of testimony in the Peters case from appellant’s appendix is granted. Since the stricken transcript of testimony may be of some assistance to this Court in deciding what appears to be the primary issue on appeal, and its presence in our files will save us the necessity of withdrawing the records in the Peters case from the files of the Supreme Court for our examination and study, such transcript shall be treated as part of appellant’s brief and permitted to remain in the file of this cause. The practice of consulting records of the Supreme Court as an aid to a proper understanding and interpretation of its published opinions is a common practice among the courts of this state, and has proved helpful in determining the applicability of a published decision to the facts of a given case. If in this case it becomes necessary to consult the Supreme Court files in the case of Peters v. Brown in order to determine the similarity of the factual situation present in that case to the one present in this case, we would not hesitate to do so. This being true, there can be no objection to this Court being spared the problem of searching down and withdrawing the original record in that case by having furnished to us by appellant such transcript as a part of his brief filed in this Court. An administrative order will be entered in accordance with these views.
WIGGINTON and CARROLL, DONALD K., JJ., concur.
STURGIS, C. J., concurs in part, dissents in part.
STURGIS, Chief Judge
(concurring in part, dissenting in part).
By the second phase of the above opinion this court of its own motion incorporates as part of appellant’s brief the identical extraneous testimony in the Peters case which by the first phase of the decision, with which I agree, is stricken from the appendix to appellant’s brief because it violates Rule 3.7, sttbd. f(5), F.A.R.
An individual judge of any court has the right, of course, to pursue any source he may please in connection with any research he may wish to make, and to cite whatever authority he may wish, including the Sears-Roebuck catalog, as authority for his conclusions ; but it seems incongruous for this court, by the means here employed, to give sanction to — indeed generate — the indirect *844 accomplishment of the very thing- it has determined cannot be accomplished directly.
I realize that the appellee by moving to strike the admittedly prohibited data found in the appendix to appellant’s brief has served to emphasize whatever point appellant wished to make by the same. That circumstance, however, does not condone breach of the rule and should not prejudice one who insists on compliance with it.
The sui generis act of the majority in providing appellant with an advantage he improperly sought constitutes a procedural precedent of first impression in this state, and I think a bad one. It creates a situation where one cannot determine what is fish or fowl; one that at best is hermaphroditic. While it may be academically interesting, and certainly permissible, for a judge researching the law to rummage through the disposed-case files of the appellate courts to satisfy whatever purpose he may have in mind, in final analysis it is the language employed in the decisional case law which determines its value as precedent; and according to my notion, any reference in a brief or opinion to the record in disposed-case files, rather than to the decision proper, is totally incompatible with ancient standards of appellate procedure.
It requires no merry-go-round of imagination to recognize that endless confusion will result if the practice is indulged to extend briefs on appeal by the means here employed. And while it may now appear that from here on “the sky is the limit,” I suggest that the practitioner be not too sure about it because I feel that a little experience will trigger exceptions to or result in overthrow of the practice invited by the action of the majority herein. If such does not occur, those members of the legal profession who practice in the hinterlands would do well to consider the advisability of migrating to one of the three spots where the type of citation here indulged by the majority may be conveniently and economically pursued, that is, to the headquarters of one of the appellate courts at Miami, Lakeland or Tallahassee.

. Rule 3.7, subd. f (5), F.A.R., 31 F.S.A.