ALLEN, Acting Chief Judge.
Appellant Hillsborough County, petitioner in eminent domain proceedings, here challenges an amended final judgment awarding certain respondent property owners interest on the amount by which the value of the condemned property as determined in the final judgment exceeded the value estimated in appellant’s declaration of taking. Appellant argues that the award of interest is neither authorized nor permitted by the statutes governing eminent domain. Appellees urge that federal and state constitutional guarantees of “just compensation” require that the interest be allowed.
Before delineating the facts of the cause or resolving the issues presented, it is appropriate that we dispose of appellees’ motion to dismiss, consideration of which was deferred until argument on the merits. Appellees urged that provisions of Fla.Stat. § 73.14, F.S.A. with respect td the time for filing an appeal and the effect of-appellees withdrawing funds awarded in the appealed judgment precluded our consideration of the appeal. These contentions are without merit. The appeal was taken within the 60 days provided in the statute as amended by Chapter 63-559, Laws of Florida 1963, and the provision that an appeal be dismissed if “the defendant shall take out of the court the amount found to be due him” is clearly applicable only when the “defendant” or respondent instituted the appeal.
Turning to the facts of the cause it appears that in January of 1962 appellant instituted proceedings to condemn some fifteen parcels of land, including parcels 8, 31 and 37 owned by certain of the appellees, for highway right-of-way purposes. Proceeding under Chapter 74, Florida Statutes, F.S.A., appellant filed a declaration of taking and included therein an estimate of the just compensation due the property owners. See Fla.Stat. § 74.01, F.S.A. With respect to the parcels of concern in this appeal the estimates were as follows:
Parcel 8 $ 1,750
Parcel 31 > . - ■ $17,800
Parcel 37 $ 3,000
Thereafter, pursuant to Fla.StatSj §§ 74.03 and 74.05, F.S.A., the court appointed appraisers, received their report and entered an Order of Taking wherein appellant was required to deposit a certain sum into the registry of the court. The amounts estab-ished in this order as necessary to secure *802 the rights of the owners of the aforementioned parcels were:[1]
Parcel 8 $ 2,760
Parcel 31 $28,000
Parcel 37 $ 8,520.
Appellant deposited the sums required into the registry of the court and assumed possession of the properties on March 20, 1962.
While final determination of the value of the properties was pending the owners of parcels 31 and 37, in accordance with a provision of Fla.Stat. § 74.07, F.S.A., secured payment for and on account of the just compensation from the money deposited in the court’s registry. As provided in the statute they were able to withdraw the amount set forth as the appellant’s estimate of compensation in appellant’s declaration of taking, an amount less than the amount deposited in the registry with respect to each parcel.
Eventually, some 15 months after possession of the condemned parcels was given to appellant, a jury determination of the parcels’ values was made and an appropriate judgment was entered. The values assigned to the parcels of concern here, as established by verdict and confirmed in the judgment were:
Parcel 8 $ 2,800
Parcel 31 . $22,500
Parcel 37 $ 5,000
In each instance the amount thus finally determined to be the just compensation due the property owners exceeded the amount initially estimated by appellant and available to the property owners during pendency of the cau'se. In only one instance did the jury’s determination exceed the amount deposited into the registry of the court. A tabular representation of the amount by which the value established by judgment exceeded the estimate and the amount by which it exceeded the deposit into the court’s registry follows:
Exceeding Exceeding
Estimate Deposit
Parcel 8 $1,050 $ 40.
Parcel 31 $4,700
Parcel 37 $2,000
Following entry of the final judgment and upon motion by appellees, the lower court amended the judgment so as to include 6% interest on the amount (represented in column one of the table above) by which the value established in the judgment exceeded the amount estimated by appellant and available to appellees under Fla. Stat. § 74.07, F.S.A. In fine, the court awarded interest on so much of the finally determined value as had theretofore been unavailable to appellees irrespective of its having been deposited into court. Appeal ensued.
Appellant contends that the only interest to which appellees are entitled is interest on the amount by which the value as finally determined exceeded the amount deposited into court. It insists that there should be no allowance of interest on so much of the value established in the judgment as had previously been deposited into the registry of the court. In support of this contention, appellant argues that as a general rule, a sovereign authority is not liable for interest in the absence of contractual or statutory provision creating such liability. Analyzing the procedures under Chapter 74, Florida Statutes, F.S.A., appellant concludes that the deposit into court pursuant to Fla. Stat. § 74.05/ F.S.A. created a non-interest bearing trust res for appellees’ eventual benefit and effectively precluded the existence of any debtor-creditor relationship which might otherwise give rise to liability for interest. Having thus negated what it conceives as the possible origins of non- *803 statutory liability for interest, appellant turns to certain express statutory provisions with respect to interest in Fla.Stat. § 74.06, F.S.A., arguing that these bar interest on funds deposited into court.
In view of the existence of the statutory expression we deem it unnecessary to examine further the general rule and its possible application to proceedings under Chapter 74. Such discussion of necessity would involve the discovery of legislative intent, as embodied in the provisions with respect to deposit and withdrawal of funds paid into court, with a view to ascertaining the nature of the deposit and its effect vis-a-vis liability for interest. Inasmuch as the statutes contain express provisions concerning interest this intent is manifest, if at all, in those provisions and it is to them that we must turn.
Fla.Stat. § 74.06, F.S.A. provides:
“Immediately upon the making of the deposit [required in the Order of Taking] * * * title [to the interest or land condemned] * * * shall vest in the petitioner and said lands shall be deemed to be condemned and taken for the use of the petitioner and the right to just compensation for same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein and said judgment shall include as a part of the just compensation awarded, interest at the rate of six per cent per annum on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of payment, but interest shall not be allowed on so much thereof as may have been paid into court. No sum so paid into court shall be charged with commissions or poundage.” (Emphasis added.)
In contrast to appellant’s insistence that the emphasized provision quoted above is a bar to the allowance of interest made below, appellees argue that “the court below felt that the legislature intended to deny interest only as to that part actually ‘withdrawn’ by the condemnee, not the entire deposit.” More precisely, both appellee and the lower court have interpreted the statute in conjunction with Fla.Stat. § 74.07, F.S.A. which limits withdrawal from the deposit to the amount estimated in the declaration of taking, and thus concluded that only amounts paid into court and available to appellees should be interest free. We cannot agree.
The aforequoted and emphasized provision precluding interest on funds deposited into court is unambiguous and affords no opportunity for invocation of the canons of statutory construction appropriate to the resolution of uncertainty or ambiguity. Read in pari materia with the other provisions of Chapter 74, the aforequoted provision is no less clear and unambiguous. The statute’s history is uncomplicated and neither adds nor detracts from a clearly expressed intent and purpose.
On at least one other occasion the application of the bar to interest in Fla.Stat. § 74.06, F.S.A. was resolved by an appellate court in this State. In Peeler v. Duval County, Fla.1954, 70 So.2d 354, one of the respondents in eminent domain proceedings sought by writ of certiorari to challenge, inter alia> the lower court’s refusal to allow him interest on the amount established as the value of the condemned land in the verdict and judgment in the cause. Since the opinion of the Supreme Court denying certi-orari is somewhat less than clear, we consulted the record in that court,[2] which', with the opinion, reveals circumstances as follow.
On March 5, 1952, Duval County filed a Declaration of Taking seeking immediate *804 possession of certain lands whose value was estimated at $1,950. An amendment to this declaration filed on March 18, 1952, sought additional land but did not raise the estimate of value. Court designated appraisers were appointed and their report, estimating the land’s value as $2,250, was filed on March 24, 1952. On March 31, 1952, an Order of Taking was apparently entered, requiring a deposit in excess of $2,675.[3] Eventually a jury’s verdict was received and, on October 3, 1952, a final judgment establishing the value of the condemned land as being $2,675 was entered.
Subsequently, on October 26, 1952, an Order of Distribution awarded Peeler his pro rata share of the judgment and further awarded him interest on this amount from the date of the Order of Taking. However, by amended Order of Distribution the award of interest was deleted. Confronted with a challenge to the refusal to allow interest the Supreme Court held that the matter was controlled by statute and that Fla.Stat. § 74.06, F.S.A. precluded interest on so much of the judgment as had theretofore been deposited into court. Application of the statute in a similar manner is reflected in dicta in our opinion in Florida Power Corporation v. Griffin, Fla.App.1963, 150 So.2d 270.
Notwithstanding the distinction between the award of interest on the entire judgment in the Peeler case and the more limited allowance in the instant case, we are of the view that the statutory bar to interest relied upon in the former has equal application to the latter and that the lower court erred in its interpretation of Fla.Stat. § 74.06, F.S.A. and the allowance of interest pursuant to this interpretation. Of necessity, it would seem that the appealed order must be reversed.
Appellees, however, argue that “regardless of the proper construction or interpretation to be made of * * * [Fla.Stats. §§ 74.06 and 74.07, F.S.A.] the right to interest is constitutionally guaranteed when payment in full is postponed from the date of taking * * * [I]f * * * [Fla. Stat. § 74.06, F.S.A.] purports to thwart the payment of interest, it is simply unconstitutional and void.” Thus appellees raise a constitutional challenge to Fla.Stat. § 74.06, F.S.A. not raised in the Peeler case, nor, so far as we can determine, in State Road Dept. v. Forehand, Fla.1952, 56 So.2d 901, a case which, under somewhat unusual circumstance, purports to determine the constitutional validity of Chapter 74 in toto[4] Most significantly, however, appellees raise a constitutional question which, on the record here, was not raised below.
As distinct from the circumstances in Zabel v. Pinellas County Water and Nav. Control Authority, Fla.App.1963, 154 So.2d 181, where a constitutional issue was raised and not ruled upon in the lower court, but was initially dealt with in this court, the case sub pidice involves a constitutional issue initially raised in this court. There is nothing in the record here to indicate that the issue was presented below and there are no cross-assignments of error directed to the lower court’s failure to rule portions of Fla.Stat. § 74.06, F.S.A. constitutionally invalid.[5] Under the circumstances we will decline to rule upon the constitutional issue. We are not unaware of these decisions holding that questions, *805 relating to fundamental rights or constitutional guarantees may be raised for the first time in an appellate court, e. g. Love v. Hannah, Fla.1954, 72 So.2d 39; Town of Monticello v. Finlayson, 1945, 156 Fla. 568, 23 So.2d 843. In our judgment, however, this rule, subject to abuse as it could be, should at least be limited to cases wherein any contrary rule would absolutely foreclose eventual consideration of the belatedly raised issue. Such eventual consideration is not foreclosed by our decision herein.
Having determined that the lower court erred in its interpretation of the controlling statute, Fla.Stat. § 74.06, F.S.A., the amended judgment entered pursuant to the erroneous interpretation is reversed and the cause remanded for further proceedings not inconsistent with our opinion and judgment.
Reversed and remanded.
SHANNON, J., and SAMPLE, WALLACE, Associate Judge, concur.

. The total deposit required of appellant consisted of the sum of the appraised values of all the parcels increased by 20%. Prorating this increase, our figures represent tbe appraised value plus 20%.

. Appellant filed portions of the circuit court’s record in this court. However, since this did not necessarily reflect the facts before the Supreme Court, we sought and obtained the transcript of record from the latter court. Cf. Mitchell v. Gillespie, Ma.App.1964, 161 So.2d 842.

. The transcript in the Peeler case did not include the Order of Taking. The “facts” concerning this important order are derived from recitations in other portions of that record.

. See too, State ex rel. State Road Dept. v. Wingfield, Pla.App.1958, 101 So.2d 184, where “re-examination” of the Peeler decision on what may have been constitutional grounds was avoided.

. An appropriate cross-assignment of error is the means by which a party prevailing in the lower court can, when necessary, preserve an alternative ground' for affirmance which was raised below but either expressly rejected or avoided.
Of course, an appellate court will affirm a judgment of a lower court despite its having been based on an erroneous reason or ground if the record on appeal reveals any theory upon which the judg- *805 meat can be sustained, but this established principle is not applicable when the “alternative” ground for affirmance is an initial attach upon a presumptively valid statute.