PEARSON, Judge.
The defendants in an eminent domain proceeding,[1] appeal a supplemental judgment for interest and attorneys’ fees. The first point urges that the trial judge was without authority to enter the judgment because he was a judge assigned from another circuit, and that the period of the assignment had expired. An examination of the order assigning the judge pursuant to Rule 2.1, subd. a(4) (c), Florida Appellate Rules, 31 F.S.A., reveals that this point is without merit.
Appellants’ second point urges that the fee allowed their attorney is inadequate. Evidence was taken before the trial judge, and inasmuch as the amount allowed is within the limits set by the expert testimony, an abuse of discretion has not been shown,
Appellants’ third point urges that the interest allowed upon the award was insufficient. The trial judge found the following facts:
“(a) That on March 21, 1960, an Order of Taking was entered and although the sum of $314,851.00 was the appraised value as shown by the Report of Appraisers filed in this cause, the Petitioner deposited the sum of $350,000.00 which was the amount required to be deposited by the Judge who heard the testimony as provided for in Section 74.05 F.S.A.
“(b) That the Report of the Appraisers filed in this cause by the appraisers who were appointed by the Court pursuant to Section 74.03 F.S.A. estimated the value of the lands herein involved and known as Parcels 5 and 6 to be the sum of $2,045.00.
“(c) That on November 27, 1961, a refund was made by the Clerk of the Circuit Court in the sum of $38,000.00 to the Petitioner herein and a final refund of the amount in the Registry of the Court was made by the Clerk of the Court in the amount of $4,178.00 on December 12, 1962.
“(d) That on November 6, 1964, the full amount of the Final Judgment in the sum of $24,500.00 was paid to the above named Defendants.”
Based upon these facts the Court allowed interest as follows:
“ORDERED AND ADJUDGED that a Final Supplemental Judgment for interest be and the same is hereby entered in favor of the Defendants, WAYNE VERNON DEAN, MARTIN KAUFMAN and ALBERT WRIGHT, as Trustees of the Church of the Brethren, in the sum of $4,305.09, the same being interest at six per cent per annum from November 27, 1961 to December 10, 1962 on $20,322, and interest at six per cent per annum from December 11, 1962 to November 9, 1964 on $24,500.00 and against the Petitioner, the State Road Department of Florida, for which let execution issue.”
*519 We hold that the court has misapplied section 74.06, Fla.Stat.1959, F.S.A., which provides as follows:
“Vesting of title to property. — Immediately upon the making of the deposit provided for in § 74.05, title to the said lands in fee simple absolute or such less estate or interest therein as is specified in said declaration shall vest in the petitioner and said lands shall be deemed to be condemned and taken for the use of the petitioner and the right to just compensation for same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein and said judgment shall include as a part of the just compensation awarded, interest at the rate of six per cent per annum on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of payment, hut interest shall not be allowed on so much thereof as may have been paid into court. No sum so paid into court shall be charged with commissions or poundage.” [Emphasis supplied]
In Hillsborough County v. Bennett, Fla. App.1964, 167 So.2d 800, the condemner deposited into the registry of the court a sum equal to the appraised value of all of the parcels included in such proceeding, together with an increase of 20% of such amount. The trial court awarded interest to the defendants on the difference between the “estimate of value”[2] of their properties and the amount finally awarded. The District Court of Appeal reversed upon a holding that section 74.06, Fla.Stat.1961, F.S.A., precluded interest on so much of the judgment as had theretofore been deposited into court. In computing the amount deposited for the benefit of the several property owners, the total deposit made by the condemner was prorated and apportioned to each parcel.
Applying this principle to the case at Bar, the pro rata share of the deposit made by appellee to secure the appellants’ rights in parcels 5 and 6 is computed to be $2,272.-00, based upon the court-appointed appraisers’ estimate of $2,045.00.
The trial court disallowed interest to appellants from March 21, 1960, the date possession of the parcels was given to ap-pellee, through November 27th, 1961, because of the existence of a deposit in excess of $38,000.00 for the use and benefit of other parcels included in the cause.[3] We hold that the trial judge erred because the pro rata shares of the deposit which were applicable to parcels other than those owned by the appellants cannot be considered in computing the interest payable to the appellants.
This holding is necessary in order to carry out the legislative mandate that the judgment against the condemning authority shall include interest. The use of an aggregate deposit as the equivalent of “so much thereof as may have been paid into court” would make an individual property owner’s right to interest depend, not only upon the amount of his final award, but also upon the date of payment and the magnitude of the withdrawals from the fund prior to the date upon which he is paid. We cannot hold that the legislature contemplated such an incongruous result. See State Road Dept. v. Forehand, Fla.1952, 56 So.2d 901; Peeler v. Duval County, Fla. 1955, 70 So.2d 354; Hillsborough County v. Bennett, Fla.App.1964, 167 So.2d 800.
*520 In determining the amount of interest payable to the appellant, we must he guided by the following rule:
“The question of interest in this case is controlled entirely by statute. The State of Florida and the counties of the State, which are arms of the sovereign, are not required to pay interest except as provided by statute.” Peeler v. Duval County, supra, 70 So.2d at page 355.
 Section 74.06, Fla.Stat.1959, F.S. A., provides for interest as “a part of the just compensation.” If the amount paid into court is greater than, or equal to, the amount finally awarded as the value of the property, the defendant receives no interest. If, upon the other hand, the final award is greater than the amount deposited in the registry of the court, the defendant receives interest upon the deficiency from the date upon which possession was surrendered to the condemning authority to the date of payment. The purpose of the statute is clear; viz., if at any time after the condemning authority takes possession of the property there is not a sufficient deposit to pay the final award, the defendant is to receive interest on the deficiency during the time said deficiency exists.
In the case sub judice, the material dates are as follows :
March 21, 1960 The State Road Department deposited funds in the registry of the court and acquired possession.
November 27, 1961 The State Road Department withdrew $38,000 from the fund.
December 10, 1962 The circuit court entered an order directing the clerk of the court to return the balance of the deposit to the State Road Department.
November 9, 1964 The appellants received payment of the amount finally awarded as the value of their property.
The deposit was withdrawn before the appellants were paid. In order to give effect to section 74.06, we must divide the time period — date of possession to date of payment — into two segments as follows:
(1) When funds were on deposit — March 21, 1960 to December 10, 1962.
(2) When funds were not on deposit— December 11, 1962 to November 9, 1964.
During the first segment, the appellants are entitled to interest on the difference between the amount of the award ($24,500.00) and the pro rata amount on deposit ($2,272.-00). The interest accordingly due for such period is $3,629.96. In addition thereto, and as determined by the trial judge, the appellants are entitled to interest on the full amount of $24,500.00 during the second segment. The interest for such period is $2,-808.66. Accordingly, the total interest due and properly payable to the appellants pursuant to section 74.06, Fla.Stat.1959, F.S.A., is $6,438.62. The trial court’s award of a lesser sum deprives the appellants of the just compensation to which they are lawfully entitled.
Therefore, the orders appealed are affirmed in part and reversed in part, and this cause is remanded with directions to amend the supplemental judgment for interest, dated the 25th day of May, 1965, and recorded in Circuit Court Minute Book 695 at Page 41, by substituting in the place of the next to last paragraph of said order the following paragraph:
“ORDERED AND ADJUDGED that a Final Supplemental Judgment for inter *521 est be and the same is hereby entered m favor of the Defendants, WAYNE VERNON DEAN, MARTIN KAUFMAN and ALBERT WRIGHT, as Trustees of the Church of the Brethren, in the sum of $6,438.62, the same being interest at six per cent per annum from March 21, 1960 to December 10, 1962 on $22,228.00 and interest at six per cent per annum from December 11, 1962 to November 9, 1964 on $24,500.00, and against the Petitioner, the State Road Department of Florida, for which let execution issue.”
Affirmed, in part, reversed in part and remanded.

. See Dean v. State Road Department, Ma.1903, 156 So.2d 649, which quashed our opinion reported at 144 So.2d 867, and our opinion on remand, 165 So.2d 257, for the history of this case.

. See Ma.Stat.1961, § 74.01, F.S.A.

. The judgment states: “(h) * * *
this Court must follow HILLSBOROUGH COUNTY vs. MARY D. BENNETT here-inbefore mentioned and allow only interest in the amount in the Final Judgment which was in excess of the amount on deposit with the Clerk of the Court for the benefit of all the owners involved in said proceeding. * * * ”