MATHEWS, Justice,
This is a part of an eminent domain proceeding. The first appearance of this.case in this Court may be found in Peeler v. Duval County, Fla., 66 So.2d 247. It appeared a second time on petition for certiorari, which was denied without opinion. The present proceeding is .also on petition for certiorari. . .
The petitioner seeks a writ of certiorari to review orders of distribution of money theretofore paid into the registry of the Court. The judgment determined the compensation to be awarded for the value of the property taken, which included interest at the rate of six per cent per annum on the amount so awarded from the date of the surrender of possession to the date of payment. The money which was much more than the award was paid into the Court as provided for by law, on March 31, 1952. The judgment fixing the value of the property was entered on October 3, 1952, pursuant to a verdict of the jury. There is no complaint as to the amount of the award for the value of the property.
The petitioner, Peeler, who was a defendant. in the Court below, and other defendants, asserted conflicting claims with reference to the title to and ownership of a portion of the property involved in the eminent domain proceedings.
Two main questions are presented in this proceeding:
(1) That the Court committed error in deciding title to and ownership of the property without submitting the question to a jury, and
(2) That the Court committed error in confining interest to the date the money was paid into the registry of the Court.
The question of title tó and ownership of the property, under the facts shown in this record, became a question' of law under admitted facts. There were some conflicts as to immaterial facts. Conflicts as to immaterial facts do not constitute genuine issues which should be submitted to the jury. The Court found “there is no issue as to the question of the ownership of -the fee simple title of both'parcels of land herein, and there is no genuine issue as to any material fact herein to be submitted to a jury and, hence, no trial by jury is necessary herein;”. There was no error in this holding and determination by the Court.
The question of interest in this case is controlled entirely by statute. The State of Florida and the counties of the State, which are arms of the sovereign, are not required to pay interest except as provided by statute. In this case the money deposited in the registry of the Court was the money of the sovereign or an arm of the sovereign. Not only thaf but the Clerk of the Circuit Court with whom the money was deposited was a trustee of this fund.
Even in an action by a contractor to recover from a county on a quantum meruit for the paving of a street where there was no statute providing for the payment of interest, the contractor was not entitled to payment of interest on the amount found to be due. Hillsborough County v. Highway Engineering & Construction Co., 145 Fla. 83, 199 So. 499.
In the case of Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192, 194, we held that , in the absence of a statute, interest is not allowable on trust funds, escrow funds, special funds, preferred claims or other funds, held by banks, trustees, liquidators, or other agents where the relation of creditor and debtor does not exist. In that case the Court said:
“The soundness of this rule cannot be controverted, though it is not without its exceptions. ■ The theory on which interest is allowed on any fund is .that it is held in such way that it may be put to work .and earn it, that is to say, that. the relation of - debtor ' and creditor exists between the owner and-user of the fund rather, than that of fiduciary or trustee. If the fund so held is in such condition that all claims against it, including interest, may be paid in full, then interest, may be allowed, or, if the fund held is for. some reason earning interest, such may be al *356 lowed, but no sucb contingency is shown to exist in this case.”
The only'provision for interest in this case is F.S. § 74.06, F.S.A. This section provides:
“*• * * and said compensation shall be ascertained and awarded in said ‘ proceeding and established by judgment therein and said judgment shall include as a part of' the just compensation awarded, interest at the rate of six per cent per annum on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of' payment, but interest shall not be allowed on so much thereof as may have been paid into court. No sum so paid into court shall be charged. with commissions or poundage.”
The. compensation was ascertained by the verdict of the jury and established by judgment which included interest at the rate of six per cent per annum as the value of the property from the date of the surrender of possession to the date of the payment into Court. Payment was made into the'registry of the Court on March 31, 1952, the' judgment was entered on October 3, 1952, and under the statute, interest shall not be allowed in the order of distributiori for any period of time after the date the money was paid into the registry of the Court; Any interest to which the owners were entitled was included in the judgment of October 3, 1952.
In its original order of distribution, dated October 26, 1953, the Court allowed interest from March 31, 1952, the-date of the order of the taking, to- November 1, 1953, the date when the payment - of the money • ordered'distributed was to be made. In the amended order of distribution, the Court struck from-the original order the require-meiit for the payment of interest from March' 31, 1952, and allowed no interest from that date, and assigned as a reason therefor the provision of F.S. § 74.06, F.S.A., that no interest shall be allowed on so much of -the money as may have been paid into the Court.
After it was made known to the Court below that a petition for certiorari would be filed, the Court, of its own motion, amended the order of distribution as hereinabove set forth. Prior to the amendment to the order of distribution, the petitioner had filed in the Court below a supersedeas bond and had obtained .an order. The petition for certio-rari was filed in this Court on November 14, 1953. The supersedeas order of the Court below was dated October 27, 1953, and provided that upon the filing with the Clerk of the Circuit Court the - required bond, conditioned that such petition for certiorari shall be duly presented to the Florida Supreme Court within 20 days,, “then the said bond should act as a superdeas and further proceedings herein are stayed until the certiorari proceedings before the Florida Supreme Court.shall have been finally disposed of.”
. The petitioner herein, C. B. Peeler, claims that at the time the amended order was made on the 19th day of November, 1953, this Court had taken and assumed jurisdiction and the. Circuit Court had lost jurisdiction and had no authority to make the amendment to the order of distribution. There is no merit in this contention. The filing of a petition for certiorari does not of itself 'divest the Circuit Court of jurisdiction. The issuance of the writ, or some other order of this Court, may divest the Circuit Court of jurisdiction, but no such writ or order has been issued.
In the amendment .to the order of distribution the Circuit Judge mentioned the supersedeas bond and stay- order and said:
“In all other respects, except the amendment herein ordered and adjudged, the said order of distribution is affirmed, but the entry of this amendment to said order of distribution shall not affect the order for supersedeas bond and stay of proceedings entered herein October 27,1953.”
Petition 'for writ of certiorari be, and the same is, hereby denied.
ROBERTS, C.J., and TERRELL and DREW, JJ., concur.