STURGIS, Chief Judge.
The State Road Department of Florida and Volusia County brought condemnation proceedings in the Circuit Court of Volusia County to acquire property owned by F. B. Olcott and wife, among others, for road right-of-way purposes, and pursuant to Chapter 74, Florida Statutes 1955, F.S.A., became vested with title prior to final judgment. The declaration of taking did not ■contain a statement of the sum of money estimated by the condemning authorities to be just compensation for the land taken. The court-appointed appraisers valued the Olcott property at $10,175 and the order of taking fixed double that amount as the deposit required of the condemning authorities. It is not contested that the effect of such deposit was to immediately vest in the condemning authorities title to the estate or interest condemned and to vest in the persons entitled the right to just compensation as provided by Section 74.06, Florida Statutes 1955, F.S.A.
Several weeks thereafter the Olcotts moved the court: (a) To grant a severance and early trial of the issue of just compensation for their property; (b) in the alternative, that they be forthwith paid the amount fixed by the court appraisers, together with attorney’s fees, and that the issue of ultimate just compensation be reserved for determination by the jury. As grounds therefor they alleged that the proceeding was at issue as to their property, that they were unwilling to accept the court’s appraisal as the true value thereof, that they were inconvenienced and suffered hardship by the appropriation thereof, that their right to damages for the use value of the compensation deferred was not adequately protected by the order of taking, and that the proceedings operated to deprive them of their property without due compensation or due process of law as guaranteed by the state and federal constitutions.
Thereupon the Honorable Robert H. Wingfield, as judge of said circuit court, entered an order denying the motion for severance but requiring the respondent Clerk of the Circuit Court to' pay to movants “the court appraisal” of $10,175 out of the funds deposited for application on account of damages, including attorney’s fees, to be thereafter determined by the jury impaneled to try the issues. Upon suggestion of the condemning authorities, we issued a rule nisi requiring said judge and clerk to show cause why writ of prohibition should not issue to prevent execution of said order. The return thereto cites Chapter 74, Florida Statutes 1955, F.S.A. and the decision in Peeler v. Duval County, Fla., 70 So.2d 354, as authority for the order.
The primary question before this court is whether it is permissible to adopt the valuation fixed by the court appraisers as the basis for the exercise by the trial judge of his discretionary power to determine what part, if any, of the money deposited with the court shall be paid to the persons entitled for application on account of the just compensation that is ultimately to be *186 ascertained and adjudged to be payable in condemnation proceedings. The answer rests on the interpretation to be placed on Florida Statutes, Sec. 74.07 (1955), F.S.A., reading:
“74.07 Paying over of funds in court
“Upon application of the parties in interest, the court may order that the stun of money set forth in the declaration of taking be paid forthwith for or on account of the just compensation to be awarded in said proceeding from the money deposited with the clerk of said court. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of money so received by said person entitled, the court shall enter judgment against the petitioner for the amount of the deficiency.” [1] (Emphasis supplied.)
The organic law provides that: “No person shall be * * * deprived of * * * property without due process of law.” Sec. 12, Declaration of Rights, Fla.Const. F.S.A. And further: “No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation * * * shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law.” Sec. 29, Art. XVI, Fla.Const. These provisions secure individual rights against unconstitutional invasion.
 The determination of what is just compensation for private property that is taken for public use is a judicial function that cannot be performed directly or indirectly by the legislature. Where title is taken prior to final judgment and payment of the adjudged compensation, the question of the amount that is to be deposited in the registry of the court, or otherwise secured, for application on account of just compensation when finally ascertained and adjudged, is determinable by the court in the orderly course of judicial procedure. Spafford v. Brevard County, 92 Fla. 617, 110 So. 451. This judicial power, however, is circumscribed by and must conform to the reasonable minimum requirements of statutory law affording protection to those having interest in property the title to which is taken and possession surrendered prior to final judgment and payment thereof. Thus Section 74.05, Florida Statutes 1955, F.S.A., which requires that the deposit be not less than double the value fixed by the court-appointed appraisers, must be adhered to.
No power of government rests upon a more venerable or worthwhile foundation than does that of eminent domain. While the thrust of the case and statutory law governing its exercise is to provide the persons entitled with just compensation for their property, it does not follow that the acquiring authority is to be saddled with inordinate burdens or inefficient procedures.
The several laws pertaining to the acquisition of title prior to final judgment and payment of the adjudicated just compensation have been codified as Chapter 74, Florida Statutes, F.S.A., commencing with Florida Statutes 1941. Since that time and up to and including Florida Statutes 1955, which governs this proceeding, there have been several vital amendments to Chapter 74, some of which have been so carelessly and ineptly framed that the bench and bar is understandably confused as to the procedure and law governing the payment to the parties entitled, prior to final judgment, of part or all of the deposit made pursuant to Section 74.05.
Section 74.07, hereinabove quoted, is carved out of Chapter 19217, Sec. 2, Laws of 1939. Research clearly indicates that *187 the provision limiting the sum of money that may be paid in advance of final judgment to the amount “set forth in paragraph five of the declaration of taking” was adapted from paragraph numbered (S) of Section 1 of Chapter 19217. By that paragraph the acquiring authority was required to state in the declaration of taking or by a paper annexed thereto : “The sum of money estimated by said acquiring authority to be just compensation for the land taken.” Section 74.01(3) (e), Florida Statutes 1941 through 1949, contained a similar paragraph. However, the 1951 Legislature amended this section by deleting all of subsection (3) thereof, in which the mentioned paragraph was contained, and relocating it in Section 74.15 which, however, has no reference to acquiring authorities of the class involved in the proceeding on review.
Spafford v. Brevard County, supra, held Section 2 of Chapter 10118, Acts of 1925, invalid because it provided that the amount of the security deposit should be determined on ex parte affidavits without notice to the owner of the property; such procedure being a restriction on judicial inquiry amounting to denial of due process. This infirmity was cured by Chapter 74, Florida Statutes 1949, the validity of which was sustained in State Road Dept. v. Forehand, Fla., 56 So.2d 901. In that case Mr. Justice Terrell, speaking for the court, pointed out that the condemning authority was required, inter alia, to state in the declaration of taking the sum estimated to be just compensation for the land taken. In view of the mentioned amendments, we are now called on to determine whether the omission of that requirement (from those sections of Chapter 74 governing the procedure to be followed by acquiring authorities of the classes involved in this cause) operated to invalidate the limitation contained in Section 74.07 by which not more than “the sum of money set forth in the declaration of taking” could be “paid forthwith for or on account of” final compensation, and thus inferentially vested the court with power to authorize payment prior to final judgment of such arbitrary amount as the court may fix. We do not think it had that effect.
It is essential for many governmental agencies coupled with the public interest to have an efficient method by which to acquire title and possession of estates and interests in land on short notice. Ability to do so often spells the difference between obtaining or losing highly important projects, and has great bearing on the ultimate cost.
The retention in Section 74.07, Florida Statutes 1955, F.S.A., which applies to acquiring authorities of the class involved by this proceeding, of a reference to the subject paragraph that was formerly contained in Section 74.01 (now found in Section 74.15) indicates a legislative intent that the requirements of that paragraph were to be preserved; that the estimate of just compensation should be stated in all declarations of taking. It is so construed. Accordingly, the trial court is without authority to adopt any other basis for the payment over to the parties entitled of any part of the security deposit.
Giving force and effect to Chapter 74, Florida Statutes 1955, F.S.A., as a whole, and to Section 74.07 thereof in particular, we hold:
(1) One having the power of eminent domain and authority under Chapter 74, Florida Statutes 1955, F.S.A., to take title in advance of final judgment and payment of the adjudicated just compensation, must in the declaration of taking, or by a paper annexed thereto, state the sum of money which it in good faith estimates to be just compensation for the land taken.
(2) Upon timely objection for failure to do so it must be supplied.
(3) Where any such estimate is on attack found not to have been made in good faith, then, after notice and hearing, the court may deny possession to the acquiring authority under Section 74.08 until such *188 time as an estimate is made in good faith and the declaration amended accordingly.
(4) Such estimate as given by the condemning authority is not presentable to the jury for any purpose.
(5) The estimate made by the condemning authority limits the amount payable to the parties in interest pursuant to Section 74.07, Florida Statutes 1955, F.S.A.
In view of our conclusions, we do not find it necessary to reexamine Peeler v. Duval County, Fla., 70 So.2d 354, construing the provisions of Section 74.06, Florida Statutes 1955, F.S.A., as to damages for the use of compensation deferred.
It follows that the respondent judge exceeded his authority in fixing the amount of the disbursement to the Olcotts on the basis of the court appraisal. The writ of prohibition absolute must be and the same is hereby granted.
WIGGINTON, J., and THORNAL, CAMPBELL, Associate Judge, concur.

. Prior to an amendment to this section (Laws of Florida 1955, c. 29615, Sec. 17) the words “paragraph five of” appeared in the first sentence following the words “set forth in.”