CARROLL, CHAS., Judge.
Dade County, the petitioner in eminent domain, relying on § 73.14, Fla.Stat., F.S.A., moved to dismiss the respondent owner’s appeal, on the ground that appellant had taken out of the court a part of the amount awarded by the judgment.
Proceeding under chapter 74, Fla.Stat., F.S.A., the value of the property to be taken was estimated in the petition at $112,-000, and that amount was deposited in court. The title to the property then vested in petitioner (§ 74.06), and the owner became entitled to withdraw the deposited amount (§ 74.07) up to the time of judgment (State ex rel. State Road Department v. Wingfield, Fla.App.1958, 101 So.2d 184, 187; Jacksonville Expressway Authority v. Bennett, Fla.App.1960, 124 So.2d 307, 311).
The jury brought in a verdict for $115,-000. Prior to entry of judgment the owner had withdrawn $101,335, leaving, as a balance of the estimate-deposit, $10,665. The judgment as to the owner and parcel in question was for $13,665, the amount by which the verdict exceeded the estimate and the sum which the owner had withdrawn. See § 74.07.
The judgment was entered June 10, 1960. Motion for new trial was denied July 27, 1960, and the notice of appeal was filed August 25, 1960. The statute (§ 74.07, Fla.Stat., F.S.A.) as interpreted in the Wingfield and Bennett cases permitted such an owner to withdraw from the court all or part of the deposited amount up to the time of the final judgment. Section 73.14, relating to appeals in eminent domain proceedings, provides: “ * * * If, at any time after the appeal is taken, the defendant shall take out of the court the amount found to be due him, the appeal shall be dismissed in the supreme court upon the filing of a certificate by the clerk of the circuit court, stating that the defendant has taken out the compensation as aforesaid.” [Emphasis supplied.] Here a clerk’s certificate shows that on August 12, 1960, after the final judgment but before the appeal was taken, the appellant withdrew an additional $7,852.52, being slightly more than half of the amount of the judgment.
 Appellant argues the withdrawal, although made after judgment, was proper because it, together with prior withdrawals, did not exceed the $112,000 deposited. Petitioner argues that because that withdrawal was part of the judgment, the appeal should be dismissed under § 73.14. Both arguments fail — the appellant’s because its right to take down the deposited amount had been *910 held to exist only up to the time, of judgment; and the petitioner’s because the dismissal provided for under § 73.14 is for. taking the judgment amount after appeal. Therefore, the petitioner has not made out a case for dismissal of the appeal under § 73.14, Fla.Stat., F.S.A., and the motion to dismiss is denied.
The motion of the respondent-appellant to be granted leave to make further withdrawals, pending this appeal, of the amount on deposit under the estimate and the judgment also is denied.
It is so ordered.
HORTON, C. J., and PEARSON, J., concur.