Margaret Alice BIG EAGLE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Marie Theresa BIG EAGLE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Lyman Lawrence BIG EAGLE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Phyllis Rose BIG EAGLE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Solomon ST. JOHN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Nelda St. John LAMBIE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Jerold Joseph MARKS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Jerome IRVING, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Andrew R. ESTES, Plaintiff,

v.

UNITED STATES of America,
Defendant.

James H. ESTES, Plaintiff,

v.

UNITED STATES of America,
Defendant.

George ESTES, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. Nos. 69–35C to 69–45C.

United States District Court,
D. South Dakota,
Central Division.

Feb. 24, 1971.

John W. Larson, Kennebec, S. D., for plaintiffs.

David R. Gienapp, Asst. U. S. Atty., Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This matter reaches this court by reason of a motion by the government for a determination of the amount of interest due the plaintiffs in certain condemnation actions enumerated above. These actions arise out of the acquisition by the government of individual Indian lands on the Lower Brule and Crow Creek Sioux Indian Reservations in South Dakota.

The land in question was acquired by the government on October 3, 1962, pursuant to legislative enactment by Congress. Act of October 3, 1962, P.L. 87–734, 76 Stat. 698 (Lower Brule Sioux Reservation); Act of October 3, 1962, P.L. 87–735, 76 Stat. 704 (Crow Creek

Sioux Reservation). A partial purpose of these Acts was to provide for the acquisition of land for use in the Big Bend Dam and Reservoir project on the Missouri River and to provide for payment for the individual Indian lands taken.

Sections 13(a), (b) of the Acts of October 3, 1962, provided for rejection by individual Indians of the amount of payment tendered by the government and the bringing of suit to determine compensation. Jurisdiction was conferred on this court to determine just compensation in accordance with the procedures applicable to eminent domain proceedings. Suit on behalf of any individual Indian rejecting the tendered amount was authorized within one year of the filing of the notice of rejection.

The plaintiffs failed to bring their actions within the time provided in the Acts of October 3, 1962. On July 11, 1968, Congress approved an amendment to Section 13(b) of the Acts of October 3, 1962, which changed the time for bringing suit from one year following the filing of notice of rejection to on or before September 1, 1969. P.L. 90–393, 82 Stat. 337. The plaintiffs then filed their actions within the prescribed time limits.

In each of the cases now before this court the value of the land as of October 3, 1962, has been established through trial. The value of the land determined in each action is in excess of the amount tendered and deposited by the government to the credit of the individual Indian accounts. The date of the taking is not in dispute. Two questions are now before this court: (1) whether the plaintiffs are entitled to interest on the amount that the value of their land exceeds the government deposit, and (2) if they are entitled to interest, for what time period should interest be allowed.

It is well established that in the absence of express statutory provision to the contrary, interest cannot be recovered on claims against the United States. This is the rule even when the statute provides for the payment of just

compensation. United States v. Alcea Band of Tillamooks, 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951). However, when there is a taking of land by the government pursuant to the power of eminent domain, i. e., a fifth amendment taking, interest is automatically included in the award. United States v. Klamath and Moadoc Tribes of Indians, 304 U.S. 119, 123, 58 S.Ct. 799, 82 L.Ed. 1219 (1938).

■ Congress has plenary power to manage the affairs of its Indian wards in good faith for their welfare. Chippewa Indians of Minnesota v. United States, 301 U.S. 358, 375–376, 57 S.Ct. 826, 81 L.Ed. 1156 (1937). This power is not without constitutional limitations and does not enable the government to appropriate Indian land to its own use without paying just compensation, including interest. Tee-Hit-Ton Indians v. United States, 348 U.S. 272, 277–278, 75 S.Ct. 313, 99 L.Ed. 314 (1955); United States v. Klamath and Moadoc Tribes of Indians, 304 U.S. 119, 123, 58 S.Ct. 799, 82 L.Ed. 1219 (1938); Chippewa Indians of Minnesota v. United States, 301 U.S. 358, 375–376, 57 S.Ct. 826, 81 L.Ed. 1156 (1937); Shoshone Tribe of Indians, etc. v. United States, 299 U.S. 476, 497, 57 S.Ct. 244, 81 L.Ed. 360 (1937); United States v. West, 232 F.2d 694, 697, cert. den., 352 U.S. 834, 77 S.Ct. 51, 1 L.Ed.2d 53 (9th Cir. 1956), Miami Tribe of Oklahoma v. United States, 281 F.2d 202, 212, 150 Ct.Cl. 725, cert. den., 366 U.S. 924, 81 S.Ct. 1350, 6 L. Ed.2d 383 (1960).

"It is obvious that Congress cannot simultaneously (1) act as trustee for the benefit of the Indians, exercising its plenary powers over the Indians and their property, as it thinks is in their best interests, and (2) exercise its sovereign power of eminent domain, taking the Indians' property within the meaning of the Fifth Amendment to the Constitution. In any given situation in which Congress has acted with regard to Indian people, it must have acted either in one capacity or the other. Congress can own two hats, but it cannot wear them both at the same time." Fort Berthold Reservation v. United States, 390 F.2d 686, 691, 182 Ct.Cl. 543 (1968).

■ In this case the government has acquired land for use by the government in the Big Bend Dam and Reservoir project on the Missouri River. It is the opinion of this court that where, as is the case in the actions now before this court, the underlying purpose for the acquisition of Indian land is the necessity for its use in a public project, the government cannot be said to be acting in the capacity of trustee for the interests of the Indian wards. A fifth amendment taking has occurred, which, as pointed out above, automatically includes a promise of just compensation, including interest.

The finding that a fifth amendment taking has occurred is not dispositive of the issue before this court. The government contends that the defense of laches should be applied to deprive the plaintiffs of interest during the period of delay in the determination of just compensation occasioned by plaintiffs' failure to file their suits within the original time limit.

■ It is the opinion of this court that the defense of laches does not apply for two reasons. First, it is not "quite accurate to say that interest as such is added to value at the time of the taking in order to arrive at just compensation subsequently ascertained and paid. The established rule is that the taking of property by the United States in the exertion of its power of eminent domain implies a promise to pay just compensation, i. e., value at the time of the taking plus an amount sufficient to produce the full equivalent of that value paid contemporaneously with the taking." United States v. Klamath and Moadoc Tribes of Indians, 304 U.S. 119, 123, 58 S.Ct. 799, 801, 82 L.Ed. 1219 (1938).

■ Second, the government took possession of plaintiffs' land on October 3, 1962. It has remained in possession of the land since that date. The government has also had the use and possession

of the amount of money which represents the awards in excess of the deposit. In view of these facts the government has failed to sustain its burden of establishing sufficient prejudice on its part to warrant the application of the laches defense. J. F. Hodgkins Company v. United States, 318 F.2d 932, 936, 162 Ct.Cl. 40 (1963).

It is the ruling of this court that the plaintiffs are entitled to interest on the amount of the increase of the award over the deposit. Interest at 6% shall be awarded on the individual amounts from October 3, 1962, until the date of entry of judgment. Counsel for the government is directed to prepare the appropriate orders in accordance with this ruling.