314 So.2d 192 (1975)
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
PINK PUSSY CAT, INC., et al. (Parcel No. 138), Appellees.
No. X-228.
District Court of Appeal of Florida, First District.
June 17, 1975.
*193 Geoffrey B. Dobson and Winifred Sheridan Smallwood, Tallahassee, for appellant.
James J. Richardson, Tallahassee, for appellees.
PER CURIAM.
By this appeal, the Department of Transportation seeks reversal of the trial court's order directing payment to appellees of interest on their jury award for lessees' business damages from the date of possession by appellant.
We have heard oral argument in this cause and have carefully examined the record on appeal and the briefs submitted by the parties. Upon our consideration thereof, we are of the opinion that the appellant's position that interest is not permissible on business damages in an eminent domain action is well taken and we reverse.
Florida Statutes § 74.061 allows interest to be paid from the date of surrender of possession to the date of payment on the amount that the verdict exceeds the estimate of value set forth in the declaration of taking. The case of State Road Department v. Abel Investment Corp., 165 So.2d 832 (Fla.App.2nd, 1964), cert. den. Ellison v. State Road Dept., 169 So.2d 485 (Fla. 1964), specifically held that consequential damages to the condemnee's business need not be included in the declaration of taking, nor need the condemning authority file an estimate of the compensation for damages to business or pay into the registry of the court an amount covering such loss. That case went on to state that:
"... The consequential statutory damages for loss of business is required to be paid only after it has been fixed by the jury, where the defendant has timely made and established his claim before the jury..." 165 So.2d at 834 (Emphasis supplied.)
Thus, it is clear that business losses are considered as consequential damages which the statutes do not require to be paid for at the time of taking, but only after the amount has been proven and fixed by the jury.
Business damages not being a part of the good faith estimate required by law, they are not a part of that sum referred to in Florida Statutes § 74.061 and the trial court's award of interest on said business damages was improper.
Reversed.
JOHNSON, Acting C.J., and McCORD and MILLS, JJ., concur.