383 So.2d 216 (1980)
Ray G. BEHM and Frances K. Behm, His Wife, Appellants,
v.
DIVISION OF ADMINISTRATION, State of Florida DEPARTMENT OF TRANSPORTATION, and Reno Orlando et al., Appellees.
No. 56263.
Supreme Court of Florida.
January 31, 1980.
On Rehearing May 15, 1980.
*217 James J. Richardson of Richardson Law Offices, P.A. and Barry Richard of Roberts, Miller, Baggett, LaFace, Richard & Wiser, Tallahassee, for appellants.
Alan E. DeSerio and H. Reynolds Sampson of Dept. of Transp., Tallahassee, for appellees.
McDONALD, Justice.
The Behms appeal the Fourth District Court of Appeal's determination that a condemnee in an eminent domain proceeding is not entitled to interest on a final judgment for the period of time during an unsuccessful appeal.[1] Since the constitutionality of section 73.131(1), Florida Statutes (1969), was under attack, we have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. While we agree that section 73.131(1) suffers from no constitutional impediment, we reverse the district court's holding that the appellants were not entitled to the award of interest for the reasons set out below.
In 1970 Appellee State Department of Transportation (DOT) instituted eminent domain proceedings pursuant to chapters 73 and 74, Florida Statutes, to condemn fifteen parcels of land in Palm Beach County. An order of taking, granting DOT possession as of March 31, 1971, was entered as to eleven of the parcels, including the Behms' land. Pursuant to a stipulated order, the Behms withdrew from the court registry the sum of eight thousand eight hundred dollars ($8,800), which was the estimated value of their parcel. On September 9, 1971 the Behms received a jury verdict of thirty-three thousand seven hundred twenty-five dollars ($33,725).
In January 1972 the Behms appealed the amount of the jury verdict. Their appeal concluded on September 21, 1976 in DOT's favor. The Behms received their final payment on November 29, 1976. The trial court awarded interest on the amount by which the jury verdict exceeded the estimate of value, but limited the award to the period of time from the date of possession of the property by DOT until the date of payment of the full verdict amount into the registry of the court. The district court upheld the interest assessment, and this appeal followed.
Section 74.061, Florida Statutes (1969), provides that condemnees are entitled to interest on condemnation awards "from the date of surrender of possession to the date of payment on the amount that the verdict exceeds the estimate of value set forth in the declaration of taking." At issue here is the definition of "date of payment." Appellants contend that the phrase means the date payment is finally made to them. Appellees, on the other hand, assert that "date of payment" means the date on which funds sufficient to cover the jury verdict are first paid into the court registry.
This Court has previously considered the question of interest on condemnation awards and has concluded that such interest is controlled by statute. Peeler v. *218 Duval County, 70 So.2d 354 (Fla. 1954).[2] Interest, therefore, must be determined in accordance with section 74.061. By enacting that section, the legislature provided that interest is a part of the "full compensation" required by article X, section 6, Florida Constitution, to be paid in eminent domain proceedings. It is well settled that the determination of full compensation is a judicial function. Spafford v. Brevard County, 92 Fla. 617, 110 So. 451 (1926); State Plant Board v. Smith, 110 So.2d 401 (Fla. 1959); Daniels v. State Road Department, 170 So.2d 846 (Fla. 1964).
In an analagous situation, the federal courts have held that interest is a component of full compensation in federal eminent domain proceedings.
The established rule is that the taking of property by the United States in the expertion of its power of eminent domain implies a promise to pay just compensation, i.e., value at the time of the taking plus an amount sufficient to produce the full equivalent of that value paid contemporaneously with the taking.
Big Eagle v. United States 323 F. Supp. 60, 62 (C.D.S.D. 1971), quoting United States v. Klamath and Moadoc Tribes of Indians, 304 U.S. 119, 123, 58 S.Ct. 799, 801, 82 L.Ed. 1219, 1223 (1938) (emphasis supplied). See also Blackfeet and Gros Ventre Tribes of Indians v. United States, 119 F. Supp. 161 (Ct.Cl. 1954).
This Court has expressed a similar sentiment concerning the state constitution's guaranty of full compensation: "The theory and purpose of that guaranty is that the owner shall be made whole so far as possible and practicable." Jacksonville Expressway Authority v. Henry G. DuPree Co., 108 So.2d 289, 292 (Fla. 1959) (holding that moving costs are a proper element of damages), quoting Dade County v. Brigham, 47 So.2d 602, 604 (Fla. 1950). The full compensation provision, therefore, requires that courts take into account all facts and circumstances which bear a reasonable relationship to the loss occasioned an owner by virtue of his property being taken. 108 So.2d at 291.
Under section 74.061, when a jury determines the amount of a compensation award, the responsible agency deposits that amount with the court. At that time, the sum is available to the condemnee as required by article X, section 6, Florida Constitution. The award also includes interest on the amount by which the verdict exceeds the state's estimate. If the condemnee immediately takes the award, and interest if applicable, he has been made whole as far as possible and practicable.
If the condemnee wants to appeal the award, however, the situation is somewhat different. Section 73.131(1), Florida Statutes (1969), provides that if a condemnee appeals the jury verdict, withdrawal of the amount awarded will result in an automatic dismissal of the appeal.[3] The condemnee, therefore, is presented with a Hobson's choice: He can either have his appeal or he can have his money; he can't have both.
As a general principle applicable to interest, whenever a verdict liquidates a claim and fixes that claim as of a prior date, interest should follow from that date. English and American Insurance Co. v. *219 Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969). If an appeal is taken, full compensation is an unliquidated claim until the appellate process concludes by either upholding or modifying the jury verdict. If a condemnee succeeds in having the verdict increased on appeal, the interest awarded spans the appeal time. This makes him whole as far as possible and practicable by making the present value of the award approach the value contemporaneous with the taking.
The Behms, however, did not receive an increased award on appeal. Denying them interest will not make them whole since, by appealing, they lost the use of that part of their award which exceeded the original estimate for five and one-half years. Denying interest to the Behms would therefore place on appellants in eminent domain proceedings an unjustified double burden  having to choose between taking an appeal or taking the award, as well as having to prevail on appeal in order to receive present value of the award. Under such a scheme, only winners would receive the full compensation mandated by the state constitution.
If a jury verdict is appealed, full compensation is not determined until the appellate process concludes. If there are insufficient funds on deposit to pay the award at that time, the responsible agency must pay into the court registry such funds as are sufficient to pay the award, including interest. We hold, therefore, that the "date of payment" referred to in section 74.061 is the time that funds are made available to the landowner at the completion of the appellate process.
This cause is remanded to the trial judge, with instructions to enter a judgment for interest on the sum of twenty-four thousand nine hundred twenty-five dollars ($24,925) from the date of the judgment resulting from the jury verdict (September 9, 1971) until the principal sum was available to the Behms (November 29, 1976).
ENGLAND, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
I would affirm the decision of the District Court of Appeal, Fourth District.
McDONALD, Justice.

ON MOTION FOR CLARIFICATION
The parties have advised this Court that included in the amount recovered by the land owner was the sum of $9,500.00 for business losses. It was not the intent of this Court to require the payment of interest on that part of the award that represented business losses.
The right to business damages is a matter of legislative grace, not constitutional imperative. Lost profits and business damages are intangibles which generally do not constitute "property" in the constitutional sense. Jamesson v. Downtown Development Authority of the City of Fort Lauderdale, 322 So.2d 510 (Fla. 1975). Interest is not payable by the state on business damages. Department of Transportation v. Pink Pussy Cat, Inc., et al., 314 So.2d 192 (Fla. 1st DCA 1975.)
The opinion of this Court is amended to direct the trial judge to enter judgment for interest on the sum of $15,425.00 rather than on $24,925.00.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.
NOTES
[1] Behm v. Division of Administration et al., 366 So.2d 828 (Fla. 4th DCA 1979).
[2] Peeler interpreted former section 74.06, Florida Statutes, which reads as follows:

... said judgment shall include as a part of the just compensation awarded, interest at the rate of six per cent per annum on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of payment, but interest shall not be allowed on so much thereof as may have been paid into court... .
Peeler does not control the instant case, however, due to the change in the statutory language. See § 74.061, Fla. Stat. (1969).
[3] "It is well settled that where a party recovering a judgment or decree voluntarily accepts the benefits thereof, he is estopped to seek reversal thereof by appeal. His conduct amounts to a release of errors." Lovett v. City of Jacksonville Beach, 187 So.2d 96, 101 (Fla. 1st DCA 1966). See Weatherford v. Weatherford, 91 So.2d 179 (Fla. 1956); McMullen v. Fort Pierce Financing and Construction Co., 108 Fla. 492, 146 So. 567 (Fla. 1933).