530 So.2d 433 (1988)
A.L. WEST, Janet M. West, Arthur A. West, Mary West Ryan, Lawrence C. West, and Richard L. West, Appellants,
v.
SUNBELT ENTERPRISES, D/B/a Waterbed Delight, and City of Tallahassee, Appellees,
Record Bar, Inc., and Franklin Dama, Appellee/Cross Appellants.
No. 87-2015.
District Court of Appeal of Florida, First District.
August 30, 1988.
*434 James J. Richardson, of Richardson Law Offices, P.A., Tallahassee, for appellants.
David K. Miller, of Broad & Cassel, Tallahassee, for appellee/cross appellant Record Bar, Inc.
Robert Cintron, Jr., of Dearing and Cintron, Tallahassee, for appellee/cross appellant J. Franklin Dama.
WIGGINTON, Judge.
This appeal is before us from the Supplemental Final Judgment entered in an eminent domain proceeding which ordered appellants to repay into an escrow account a certain sum of money improperly withdrawn on January 11, 1984, as well as to pay interest at the statutory rate of 12 percent from the date of withdrawal to the date of repayment of that amount into escrow, and to pay prejudgment interest on a sum of money also improperly withdrawn on January 11, 1984, but earlier repaid, from the date of withdrawal to the date of repayment. On appeal, appellants submit that the prejudgment interest on the overage withdrawn should be assessed at the "market rate" rather than the statutory rate of 12 percent. On cross-appeal, appellees argue that the trial court erred by failing to award them interest at the required statutory rate from the date their funds were deposited in escrow to the date the funds became available for their use, as well as in not requiring appellants to pay interest on their belated payment of interest on November 20, 1987. We affirm the issue raised on appeal, and affirm in part but reverse in part the issues raised on cross-appeal.
The instant parties were before this Court in an earlier appeal wherein appellees, as appellants, successfully asserted a claim for prejudgment interest for appellants' excess withdrawal of settlement funds. Dama v. Record Bar, Inc., 512 So.2d 206 (Fla. 1st DCA 1987) (Dama I). However, given the complex circumstances of the instant litigation, we shall recount the history of this case as succinctly stated in appellees' answer brief. As indicated therein, the instant action grew out of a condemnation case in which the City of Tallahassee took property owned by appellants, leased by appellee/cross appellant Dama, and subleased by appellees/cross-appellants Record Bar, Inc. and Sunbelt Enterprises. The city filed the action in 1983 and, pursuant to the provisions of chapter 74, Florida Statutes, made a good faith deposit of $410,000 into the court registry for the benefit of the various condemnees.
On January 11, 1984, appellants sought and obtained the court's permission to withdraw the entire $410,000 good faith deposit over appellees' objection. The parties thereafter settled the issue of the proper condemnation award for the fee interest of $505,000. Accordingly, pursuant to the trial court's order dated June 24, 1984, the *435 city deposited an additional $95,000. The order recited that the parties had not waived any right or interest in the proper apportionment of the overall proceeds.
Thereafter, appellees requested the trial court to conduct an evidentiary hearing to determine the value of the respective leasehold interests and to make an equitable apportionment of the $505,000 between them and appellants. Appellants objected to appellees' sharing in any part of the settlement and claimed the entire amount for themselves. The trial court overruled appellants' objection and ultimately entered an order of apportionment dated December 12, 1985. That order found and concluded that the respective appellees were entitled to compensation for their leasehold interests in the amount of $236,000. Thus, appellants' share of the total condemnation award was therefore only $269,000 or an amount $141,000 less than the $410,000 good faith deposit which they had withdrawn and used since January 11, 1984. Appellees requested prejudgment interest on their shares but were denied this relief by the trial court's order of apportionment.
On April 17, 1986, the trial court entered a final judgment incorporating the provisions of the order of apportionment. However, the court reduced the amount awarded to appellee Dama from $147,500 to $59,000, and awarded the difference to appellants.[1]
The final judgment required appellants to deposit $52,500 into the bank account which, when added to the $95,000 already on deposit, made a total of $147,500 for distribution to appellees. When appellants failed to make this required deposit, the trial court entered a "Judgment" dated July 8, 1986, amending the final judgment nunc pro tunc to allow execution against appellants. They thereupon made the required deposit but moved for rehearing requesting the trial court to require the funds to remain undistributed in the account pending appellate review. This motion was granted.
Dama appealed the trial court's reduction of his share in the settlement proceeds. Appellants cross appealed asserting that they should receive the entire $505,000. Record Bar, Inc., separately cross appealed on the issue of entitlement to prejudgment interest.
On May 21, 1987, this Court rendered its opinion in favor of appellees Dama and Record Bar, Inc. and against appellants in Dama I. In summary, this Court held that appellants had received an improperly apportioned share of the proceeds and that Dama was entitled to a recalculation of his apportioned share. We also held that appellees were entitled to recover prejudgment interest on the amount of appellants' excess withdrawal. We otherwise affirmed the trial court's final judgment, including Record Bar's award. We completely rejected appellants' contention that they were entitled to the entire $505,000 settlement, holding that, as leaseholders, appellees are entitled to share proportionately in the condemnation settlement proceeds for the value of their leasehold interests so taken. Rehearing was denied and appellants sought discretionary review of this decision in the Florida Supreme Court.
However, upon motion by Record Bar, Inc., this Court issued its mandate to the trial court on September 28, 1987. The parties thereupon sought a final judgment in the trial court implementing the mandate.
Accordingly, on November 20, 1987, the trial court issued its Supplemental Final Judgment  the subject of this appeal. In the judgment, the trial court ordered appellants to repay into the escrow account $88,500 in funds improperly withdrawn on January 11, 1984, representing that portion denied Dama by the earlier final judgment. The court also ordered appellants to pay prejudgment interest on that amount at the statutory rate of 12 percent from the date of withdrawal to the date of repayment.
The Supplemental Final Judgment also ordered appellants to pay prejudgment interest on the $52,500 in funds improperly withdrawn and subsequently repaid pursuant to the earlier "Judgment" from the *436 date of withdrawal to the date of repayment on August 5, 1986. Nonetheless, the trial court, upon appellants' motion, stayed the distribution of all funds in the bank account pending the outcome of appellants' petition for review in the supreme court.
On December 18, 1987, the supreme court denied discretionary review of this Court's decision in Dama I. The parties were thereafter able to agree to a partial distribution of the escrowed funds. Their stipulation was approved by the trial court on January 11, 1988. It is to be noted that this was the first time appellees were able to recover anything for the taking of their property after exactly four years of litigation. There remains in escrow funds which form the subject of appellants' appeal.
On cross-appeal, appellees challenge the trial court's failure "to make them whole" by awarding them statutory interest on the entire condemnation award from the date the funds were deposited in escrow to the date the funds were made available, with allowance for an offset contemplating the interest actually accrued in the escrow account. Thus, the amount in dispute under this issue is approximately $19,000 according to appellees' estimate.
Appellees also challenge on cross-appeal the trial court's failure to award statutory interest on the amount of $16,169 prejudgment interest, which prejudgment interest should have been deposited August 6, 1986, but was improperly retained by appellants until November 20, 1987. In regard to this amount, we must affirm the trial court as we have recently held that "[i]nterest should not be allowed on a sum that is itself interest." United Services Automobile Association v. Smith, 527 So.2d 281, 284 (Fla. 1st DCA 1988), citing Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA 1966) and 32 Fla.Jur.2d, Interest and Usury § 14.
As to the point raised by appellants on appeal, we also affirm. Appellees' right to prejudgment interest was established in Dama I, which interest is at the statutory rate of 12 percent. See section 55.03(1), Fla. Stat.; Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985). This point was determined in Dama I, is therefore the law of the case, and is a moot issue.
However, in regard to the first point raised by appellees on cross-appeal, we must reverse and remand for further proceedings. It was established in Behm v. Division of Administration, Department of Transportation, 383 So.2d 216 (Fla. 1980), that "interest is a part of the `full compensation' required by article X, section 6, Florida Constitution, to be paid in eminent domain proceedings." Id. at 218. The court reiterated its sentiment concerning the state constitution's guarantee of full compensation that "the owner shall be made whole so far as possible and practicable." Id. Thus, the supreme court recognized that if a condemnee immediately takes an award, and interest is applicable, he has been made whole as far as possible and practicable. Likewise, in the instant case, appellants were fully compensated for the taking of their property on January 11, 1984, when they withdrew the initial good faith deposit. The constitutional guarantee of full compensation was met on that date, as far as appellants were concerned.
However, appellees, lessees but nonetheless full owners, were also entitled to full compensation for the loss of their leasehold interests. Dama I; Carter v. State Road Department, 189 So.2d 793 (Fla. 1966). Nevertheless, appellants obstructed appellees' receipt of that compensation until December 18, 1987, the date the supreme court declined to review the decision of this Court in Dama I and the date the funds became available for appellees' use. A condemnee is constitutionally entitled to full compensation, including the value of the property rights taken and interest at the statutory rate until the date compensation becomes available. Behm v. Division of Administration. Section 55.03(1), providing that a judgment shall bear interest at the rate of 12 percent per year, makes no distinction between a judgment creditor and a condemnee. The clear policy behind that statute and section 74.061 (applicable to quick take condemnation proceedings *437 and providing that interest shall be allowed from the date of surrender of possession of the interest to the date of payment) is to assure that the persons whose property is taken by condemnation are fully compensated for delays in the receipt of the condemnation award. Again, appellants are in no position to complain as they were made whole on January 11, 1984, when they withdrew the full amount of the good faith estimate.
Consequently, this cause is remanded to the trial court with instructions to enter a judgment for interest due appellees by appellants on the following deposits:
(1) On $95,000 deposited on June 4, 1985;
(2) On $52,500 deposited on August 6, 1986;
(3) On $88,500 deposited on November 20, 1987.
The interest shall be calculated from the date of deposit until the date the funds became available to appellees on December 18, 1987. Appellants, as conceded by appellees, are entitled to an offset by the amount of any interest accrued on those accounts.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., and WENTWORTH, J., concur.
NOTES
[1] This Court reversed that portion of the ruling in Dama I.