86 So.2d 812 (1956)
FLORIDA LIVESTOCK BOARD, a Body Corporate, Appellant,
v.
W.G. GLADDEN, Appellee.
Supreme Court of Florida. Special Division A.
April 11, 1956.
Halley B. Lewis, Arcadia, Richard W. Ervin, Atty. Gen., and Fred M. Burns, Asst. Atty. Gen., for appellant.
Wayne E. Ripley, Jacksonville, for appellee.
THORNAL, Justice.
The Florida Livestock Board appeals from a final judgment awarding a sum of money to Gladden for destruction of a herd of hogs afflicted with viscular exanthema.
The sole question now here is whether the Florida Livestock Board, a state agency, is liable under the facts and applicable statutes for interest on the judgment.
The original judgment, dated October 26, 1953, in the amount of $12,562.46, was affirmed by this court in Florida Livestock Board v. Gladden, Fla. 1954, 76 So.2d 291. After the mandate was filed, the Circuit Judge allowed the Board certain credits for previous payments to Gladden and thereupon entered judgment against the Board for $8,406.71, plus interest at the legal rate from October 26, 1953, the date of the original judgment, to February 8, 1955, the date of the judgment from which this appeal is taken. We hold that the Circuit Judge ruled correctly.
The appellant contends that the Florida Livestock Board as an agency of the state is not liable for interest in the absence of a specific statute or a lawfully binding contract providing for interest. The appellee contends that Section 55.03, Florida Statutes, F.S.A., which authorizes six per cent interest on judgments, applies to all judgments and makes no exception in favor of the state.
The conclusion we here announce is grounded upon the particular statute which we are called upon to consider in the matter *813 before us. This statute is Section 585.03, Florida Statutes, F.S.A., and reads in part as follows:
"The said Florida Livestock Board shall be a body corporate, having the usual powers of a body corporate for all purposes necessary to further carry out the provisions and requirements of Chapter 585, including the right to contract and be contracted with, to sue and be sued, as well as all other rights and immunities usually enjoyed by bodies corporate. Said Board shall have a corporate seal to be selected by it." (Emphasis added.)
While we pretermit any discussion of the nature of the Florida Livestock Board as a state agency, it is clear from the quoted statute that the Board is specifically authorized "to sue and be sued". When the Legislature authorized suit against the Livestock Board, it placed no restriction whatever on the nature of the suit or the amount of the recovery.
Under Article III, Section 22, of the Florida Constitution, F.S.A., the Legislature is empowered to authorize suits against the state or any of its agencies. When suit is authorized against a state agency without limitation as to interest, the authorizing statute may by reasonable intendment be construed to permit the award of interest against the state agency as a legal incident to the judgment even though the payment of interest by the state is not expressly provided by the statute. Where statutory authority to sue a state agency is given, payment of interest on a claim adjudicated under the statute may be impliedly authorized when the nature of the claim and the object designed in permitting such suits against the state or its agency warrant such implication. We are of the view that the implication is warranted in the case before us.
This case is controlled by our decision in Treadway v. Terrell, 117 Fla. 838, 158 So. 512, 519. There the court was called upon to construe Chapter 15022, Acts of Florida 1931, F.S.A. § 341.25 note, authorizing suits at law and in equity against the State Road Department arising from contracts for work done. The statute did not specifically provide for recovery of interest on any such claim but it did specifically authorize a suit against the State Road Department on stated claims. It was there held:
"The statute authorizes suits against the state road department on any claim arising under contract for work done since June 7, 1923, and the contracts for road and bridge construction which the state road department is authorized to make may be of such a nature that the payment of interest on amounts due and unpaid by the state may be necessary to do complete justice between the parties; and, in the absence of a contrary statutory intent, it may be assumed that, in authorizing suits against the state road department, the statute intends that interest may be adjudged against the state in proper cases where it is necessary to do complete justice and to accomplish the purposes of the statute in authorizing suits against the state on any claim arising under contract for work done since June 7, 1923."
We see no reason to apply a different rule to the situation now before us. Appellee's hogs were destroyed in the public interest to prevent the spread of the disease. Destruction of his property was pursuant to the order of the State Board. Complete justice suggests that he should have been paid long ago. The authorities cited by the appellant to support its position are adequately distinguished in Treadway v. Terrell, supra.
Finding no error, the judgment appealed from is
Affirmed.
DREW, C.J., THOMAS, J., and PRUNTY, Associate Justice, concur.