GRIMES, Chief Judge.
The issue in this case is whether a court should award interest under Section 74.061, Florida Statutes (1977), in the absence of a verdict.
The Department of Transportation commenced eminent domain proceedings against Carl Shepard to acquire his land for ■the reconstruction of a road in Manatee County, using Chapter 74, Florida Statutes (1977), in order to gain title and possession in advance of final judgment. The court entered an order of taking, after which the department deposited in the court the sum of $379,200, representing its good faith estimate of value as set forth in the declaration of taking. Mr. Shepard then withdrew this money.
The matter proceeded to trial, but after selection of a jury, the parties entered into settlement negotiations which culminated in an agreement that the department would pay Mr. Shepard $651,300 as full compensation for the taking of his property. However, the parties could not agree on whether Mr. Shepard should receive an additional sum representing interest on the excess of the settlement figure over the sum previously withdrawn. They finally agreed to submit this issue to the court for its determination, and the court discharged the jury.
The judge ultimately determined that Mr. Shepard was entitled to interest on $212,-100, which was the difference between the settlement figure, excluding $60,000 in business damages, and the amount of the good faith estimate of value.
The department correctly points out that the State of Florida cannot be required to pay interest except as provided by statute. Peeler v. Duval County, 70 So.2d 354 (Fla.1954). The applicable statute in this case is Section 74.061, Florida Statutes (1977), which reads as follows:
*46 74.061 Vesting of title or interest sought. — Immediately upon the making of the deposit, the title or interest specified in the petition shall vest in the petitioner, and the said lands shall be deemed to be condemned and taken for the use of the petitioner, and the right to compensation for the same shall vest in the persons entitled thereto. Compensation shall be determined in accordance with the provisions of chapter 73, except that interest shall be allowed at the rate of 6 percent per annum from the date of surrender of possession to the date of payment on the amount that the verdict exceeds the estimate of value set forth in the declaration of taking. (Emphasis added.)
Because there was no verdict here, the department contends that the award of interest was error.
Mr. Shepard argues that the obvious purpose of Section 74.061 is to make one whose land the state has condemned in a “quick taking” proceeding whole where the estimate of value turns out to be too low. In other words, when a land owner finally receives compensation which is in excess of the estimate of value, he ought to be entitled to interest on the amount of money he should have received but didn’t at the time of the order of taking. Thus, Shepard submits, we should read the statute to accomplish this result.
The legislative history of Section 74.061 tends to undercut Mr. Shepard’s position. Prior to 1965, Section 74.06, Florida Statutes (1963), provided that where the court had entered an order of taking, the judgment for compensation should include interest “on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of payment, but interest shall not be allowed on so much thereof as may have been paid into the court.” Significantly, there was no reference to a “verdict” in this statute. Mr. Shepard suggests that the reason the legislature changed Section 74.06 was this court’s decision in Hillsborough County v. Bennett, 167 So.2d 800 (Fla. 2d DCA 1964), which held that interest could only be paid on the difference between the amount of the judgment and the amount of the deposit, even though the land owner had only been able to withdraw the amount of the good faith estimate of value which was less than the deposit. However, when the word “verdict” first appeared in Section 74.06 in 1965 the inequity highlighted by Bennett remained unchanged because the base figure upon which the differential was computed continued to be the deposit. It was not until 1967 that the legislature amended the statute to provide that the property owner should receive interest on the amount in excess of the good faith estimate of value set forth in the declaration of. taking, and the 1967 amendment retained the reference to the “verdict” which has remained in the statute until the present date.
We believe that this case falls within the principle announced in Heredia v. Allstate Insurance Company, 358 So.2d 1353 (Fla. 1978), when our supreme court said:
In matters requiring statutory construction, courts always seek to effectuate legislative intent. Where the words selected by the Legislature are clear and unambiguous, however, judicial interpretation is not appropriate to displace the expressed intent. Foley v. State ex rel. Gordon, 50 So.2d 179, 184 (Fla.1951); Platt v. Lanier, 127 So.2d 912, 913 (Fla. 2d DCA 1961). It is neither the function nor prerogative of the courts to speculate on constructions more or less reasonable, when the language itself conveys an unequivocal meaning.
358 So.2d at 1354-55.
Thus it is that Section 74.061 requires that there be a verdict before interest may be paid to the property owner. For Mr. Shepard to obtain any interest, it would have had to be included in the total compromise figure. We do not need to reach Mr. Shepard’s contention that the word verdict could contemplate a judge’s verdict as well as a jury verdict because it is clear that in this case the judge did not purport to make a determination of the full compensation to be paid for the taking of the property. He *47 simply entered a consent judgment upon the agreed amount. Likewise, it is unnecessary for us to theorize what might have happened if the judge had directed the jury to return a verdict in the amount of the compromise figure because this also did not take place.
REVERSED.
OTT, J., concurs.
HOBSON, J., dissents.