419 So.2d 659 (1982)
Raymond A. BROOKS, Appellant,
v.
The SCHOOL BOARD OF BREVARD COUNTY, Florida, Appellee.
No. 81-806.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
Rehearing Denied September 15, 1982.
*660 C. Anthony Cleveland, Gen. Counsel, FEA/United, Tallahassee, for appellant.
William C. Walker, Jr., Titusville, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant seeks review of a final order of the School Board of Brevard County reinstating him to employment but denying him back pay for a seven month period.
Appellant was employed by the Board under a continuing contract since November, 1968. In November, 1978, the Florida Professional Practices Council received a report from the School Board which contained allegations that appellant had committed acts which justified revocation of his teaching certificate. A hearing was held and the hearing officer concluded that the Council had failed to substantiate the allegations against appellant. This conclusion was rejected by the State Cabinet, sitting as the State Board of Education, and appellant's teaching certificate was revoked for a period of three years effective November 21, 1979.
By letter dated November 21, 1979, appellant was notified by the School Board that since his certificate was revoked, he was terminated from employment effective November 21, 1979. On November 30, 1979, appellant requested a hearing on his termination before the School Board. This request was denied and on December 11, 1979, the School Board at its regular meeting approved appellant's termination.
Appellant appealed the revocation of his teaching certificate to the First District Court of Appeal, which remanded the case to the State Board of Education to reconsider the order of revocation. After a supplemental recommended order was issued by a hearing officer, the State Board, on June 16, 1980, reversed itself, withdrew the revocation and dismissed the charges. On January 29, 1981, the State Board ordered that appellant be returned to continuing contract status. The School Board subsequently reinstated appellant, effective March 11, 1981. Back pay was granted from the date his certificate was reinstated, June 16, 1980, to the date of reemployment, March 11, 1981. Brooks contends he was entitled to back pay from November 21, 1979, the date of his termination. We agree and REVERSE.
There are various methods by which an employee, who has been wrongfully dismissed and is subsequently reinstated, may recover back pay for the period of his dismissal. For instance, there may be statutory *661 authority for an award of back pay,[1] or such an award may derive from an employee's employment contract or from a collective bargaining agreement. An employee may also recover back pay where his dismissal was effected in violation of the requirements of due process, West v. Board of County Commissioners, 373 So.2d 83 (Fla. 3d DCA 1979), or where some other constitutional right of his has been violated. See London v. Florida Department of Health and Rehab. Services, 313 F. Supp. 591 (N.D. Fla. 1970), aff'd, 448 F.2d 655 (5th Cir.1971).
In the present case, we have neither been directed to, nor does independent research indicate, the existence of any statutory authority for an award of back pay where a teacher is reinstated following dismissal. Section 231.36(6), Florida Statutes (1979) does provide for the recovery of back pay where a teacher has been suspended without pay and is subsequently reinstated but it does not speak of a dismissed teacher who is later reinstated.
Appellant's employment contract does not include any mention of entitlement to back pay in the event of a dismissal and subsequent reinstatement. Likewise, the record does not indicate the existence of any collective bargaining agreement.
Therefore, the remaining question is whether appellant was terminated in violation of the requirements of due process or in contravention of any of his other constitutional rights. The School Board terminated appellant because the State Board of Education had revoked his teaching certificate. Section 231.14, Florida Statutes (1979) provides that no person shall be employed as a teacher if he or she does not hold a valid certificate to teach in Florida and continues "nor shall any school board employ, contract with, or pay any person a salary for instructional services who does not hold such a valid certificate... ."
However, after the School Board's action, the State Board of Education in a supplemental final order reversed itself and held that it had not been established that appellant had committed any acts which warranted revocation or suspension of his teaching certificate. The State Board dismissed the charges against appellant and vacated its earlier order.
The State Board's language in its supplemental final order amounts to an admission, in effect, that its initial order revoking appellant's teaching certificate was not supported by substantial, competent evidence. The School Board, in relying on this order to terminate appellant's employment, basically acted in concert with the State Board of Education to deprive appellant of a property right, his position,[2] in reliance upon charges of impropriety which were not established by legally sufficient evidence. We hold that this violation of appellant's due process rights entitles him to back pay for the entire period of his dismissal.
We recognize that the School Board was merely following the dictates of section 231.14, Florida Statutes, when it dismissed appellant. However, this does not take away from the fact that appellant was deprived of his position based on allegations which had not been sufficiently established. Between two parties, the School Board and appellant, we believe that the Board, which initially instigated the action against appellant, should bear the cost of appellant's salary where his termination results from charges which are ultimately found to be unsupported.
As to appellant's entitlement to pre-judgment interest, interest in contract actions is generally recoverable as part of the plaintiff's damages at the legal rate from the date the debt was due. Parker's Mechanical Con. v. Eastpoint Water, 367 So.2d 665 (Fla. 1st DCA 1979). See 17 Fla.Jur.2d, Damages § 82. Here appellant's action is in the nature of a contract *662 action since he is seeking back pay pursuant to his contract of employment with the School Board. If otherwise applicable to actions against governmental agencies, the rate is six percent per annum. § 687.01, Fla. Stat. (1981). Posner v. Flink, 393 So.2d 1140 (Fla. 3d DCA 1981).
The remaining question is whether interest can be recovered against the School Board, a governmental agency. In Dept. of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980), this court held that without statutory authority, interest can not be allowed on a tax refund. However, where authority to sue the state or any of its agencies is given without any limitation as to interest, payment of interest may be impliedly authorized when the nature of the claim and the object designed in permitting such suits against the state or its agencies warrants such implication. Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla. 1956). In authorizing suits against the School Board, the Legislature placed no limitation on the recovery of interest. § 230.22(4), Fla. Stat. (1979). Therefore since we believe the implication is proper in this case, appellant may recover interest from the date the debt became due.
REVERSED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] See, e.g., on the federal level "The Back Pay Act", 5 U.S.C. § 5596 (b)(1). In Florida, section 110.309(3), Florida Statutes (1981) gives to the Career Service Commission discretion to award back pay when reinstating an employee.
[2] See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).