461 So.2d 82 (1984)
Evelyn R. FLACK, Petitioner,
v.
Bob GRAHAM, et al., Respondents.
No. 63919.
Supreme Court of Florida.
November 29, 1984.
*83 Rivers Buford, Jr., and Keith J. Kinderman, Tallahassee, for petitioner.
Walter M. Meginniss, Asst. Atty. Gen., Tallahassee, for respondents.

ORDER ON SUGGESTION FOR ISSUANCE OF WRIT OF MANDAMUS
McDONALD, Justice.
In July we ordered the state to pay Flack the salary she would have received if she had served the full term of office as a county judge. She has now filed a suggestion for issuance of a writ of mandamus seeking interest "on each monthly installment of back pay from the due date thereof." (Flack now concedes that the state properly withheld retirement, social security, and income tax contributions.) The comptroller's office contends that Flack is not entitled to interest.
We agree with the comptroller's office. As a general rule, a government is not liable for interest in the absence of an express statutory provision or a stipulation by the government that interest will be paid. United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336 (1890); United States ex rel. Angarica de la Rua v. Bayard, 127 U.S. 251, 8 S.Ct. 1156, 32 L.Ed. 159 (1888); United States v. Sherman, 8 Otto 565, 98 U.S. 565, 25 L.Ed. 235 (1878); Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935). Immunity from interest is an attribute of sovereignty, implied by law for the benefit of the state. Treadway. This immunity, however, may be waived.
Where statutory authority to sue a State is given, the implied immunity of the State from payment of interest upon obligations of the sovereign State may be waived or the payment of such interest may be impliedly authorized or assented to by the statute; and interest may be awarded on such implied statutory authority when the nature of claims on which suits may be maintained and the object designed in permitting suits against the State or its agencies warrant it.
Id. at 854-55, 158 So. at 518.
An implied waiver of immunity for interest has been found in several Florida cases. Brooks v. School Board of Brevard County, 419 So.2d 659 (Fla. 5th DCA 1982); Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla. 1956); Treadway. On the other hand, statutes have also been strictly construed to prevent payment of interest by the state. Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980); Division of Administration, State Department of Transportation v. Shepard, 382 So.2d 45 (Fla. 2d DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980). In Brooks, Gladden, and Treadway the legislature had authorized suit against the various agencies involved, but the applicable statutes were silent as to interest. Goembel and Shepard, however, are more closely akin to State ex rel. Four-Fifty Two-Thirty Corp. v. Dickinson, 322 So.2d 525 (Fla. 1975), and Mailman v. Green, 111 So.2d 267, 268 (Fla. 1959), where we said
strictly speaking this was not an action against the state for recovery of money but one against the Comptroller predicated on the assertion that petitioners had a clear legal right to coerce the performance by him of a duty, namely, the payment to them of the interest described.
In Mailman the Court found no statutory authority for paying interest on refunded taxes and went on to say:
The money was not inequitably withheld by the state and used by it to the detriment of petitioners. The matter was simply in suspense, pending settlement by a court of a dispute to which the state *84 was not directly but only vicariously interested.
Id. at 269. Finally, the Mailman court distinguished Treadway and Gladden and refused to find an implied liability for the payment of interest. Id. This case is more similar to Mailman than to the cases which have allowed interest because Flack has not shown that she has a clear legal right to coerce the comptroller to pay this interest.
In Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939), the Court said that
interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable.
In choosing between innocent victims the Court found it would not be equitable to put the burden of paying interest on the public. This case is similar to Jackson County in that we are left with two innocent victims  the state and Flack. Flack has made a full recovery of the salary she would have received if she had filled the complete term as county judge. It would be grossly inequitable to make the citizens of Florida also pay interest. We therefore refuse to mandamus payment of the interest sought here and dismiss the petition.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN and EHRLICH, JJ., concur.
ADKINS, J., dissents.