525 So.2d 432 (1988)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Eldora BOYD, Carol L. Sheppard, and Public Employees Relations Commission, Appellees.
Nos. BS-315/87-522.
District Court of Appeal of Florida, First District.
March 25, 1988.
*433 Don Royston, Dist. III Sr. Atty., Dept. of Health and Rehabilitative Services, Gainesville, for appellant.
Jeffrey E. Mandel, Staff Atty., Florida Public Employees Relations Com'n, Tallahassee, for appellee PERC.
Jo Ann Levin, Sr. Atty., Office of the Comptroller, Tallahassee, for amicus curiae Florida Dept. of Banking and Finance.
WIGGINTON, Judge.
Appellant, the Department of Health and Rehabilitative Services (HRS), appeals those portions of two Public Employees Relations Commission's (PERC) final orders directing HRS to pay interest at 12 percent per annum on back wages awarded to appellees. We affirm.
Appellees appealed their dismissals from employment by HRS. After hearings on the merits of appellees' career service appeals, the hearing officers recommended, and PERC agreed, that HRS lacked just cause to dismiss appellees. Accordingly, PERC reinstated them and awarded them back pay, including interest at 12 percent per annum.
HRS asserts that in the absence of a specific waiver of sovereign immunity in this regard, the State cannot be required to pay interest on money owed by it to another. See Flack v. Graham, 461 So.2d 82 (Fla. 1984), in which the court stated:
As a general rule, a government is not liable for interest in the absence of an express statutory provision or stipulation by the government that interest will be paid.
In Bank of Central Florida v. Department of Banking and Finance, 470 So.2d 742 (Fla. 1st DCA 1985), this Court determined that in the absence of specific statutory authority, interest is awarded only in those cases where some legal wrong (such as breach of contract or conversion) has been committed.
In the instant case, HRS asserts that since no specific statutory authority exists in chapter 447, which empowers PERC to hear career service appeals, granting to PERC the authority to award interest on back pay, that relief is not available in career service appeals. However, as recognized even in the Flack opinion, when statutory authority to sue a state is given, the implied immunity of the state from payment of interest upon its obligations pertinent to such a suit may be deemed waived or the payment of such interest may be deemed impliedly authorized or assented to by the statute. Interest may be awarded on such implied statutory authority "when the nature of claims on which suits may be maintained and the object designed in permitting suits against the State or its agencies warrant it." Flack, quoting from Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935). Thus, when the State has waived immunity to employment contract actions, as here, it has also impliedly waived immunity in regard to interest, which is a relief flowing naturally from a finding of liability and is necessary for complete compensation in such actions. See Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla. 1956) and Treadway, in which the supreme court *434 declared that where the state can sue or be sued, the state is impliedly liable for any interest that is a legal incident to a judgment entered against it on such a claim. See also Brooks v. School Board of Brevard County, 419 So.2d 659 (Fla. 5th DCA 1982), in which, as here, an employee was allowed a recovery of interest from the School Board in an award of back pay on an employment contract action.
Relying on Gladden and Terrell, other courts have allowed a recovery of interest against the State in other types of contract actions which have been specifically authorized by statute. See Dade County v. American Re-insurance Company, 467 So.2d 414 (Fla. 3d DCA 1985), and Champagne-Webber, Inc. v. City of Fort Lauderdale, 519 So.2d 696 (Fla. 4th DCA 1988). Flack is distinguishable in its determination that no interest could be recovered in that case. There, the court emphasized the fact that the State played no part in Flack's failure to receive her pay and was not directly responsible for the wrong to Flack. Thus, unlike here, payment of interest in that case was not directly related to any claim aimed directly at action by the state.
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.