PER CURIAM.
This is an appeal of an order denying post-judgment interest to seventeen municipalities on a judgment entered in their favor.
*1056 In Palm Beach County v. Town of Palm Beach, 507 So.2d 128 (Fla. 4th DCA 1987) this court reversed in part, remanded to the trial court, and ordered the return of certain ad valorem taxes to the municipalities. On remand the parties were unable to agree on whether the cities were also entitled to post-judgment interest on the judgment. The trial court determined that under the doctrine of sovereign immunity the county was not obligated to pay interest on the award. The municipalities appeal. We reverse and hold that the municipalities are entitled to post judgment interest.
Section 55.03(1), Florida Statutes (1985) provides:
A judgment or decree entered on or after October 1,1981, shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.
Additionally case law seems to indicate that an award of post-judgment interest would be proper in the present circumstances. See Department of Transportation v. Tsalickis, 372 So.2d 500 (Fla. 4th DCA 1979); Broward County v. Finlayson, 533 So.2d 817 (Fla. 4th DCA 1988). Nevertheless, because of the great public importance of the issues involved we certify the following question to the Supreme Court:
IS A GOVERNMENTAL ENTITY IMMUNE FROM THE PAYMENT OF POST JUDGMENT INTEREST UNDER THE DOCTRINE OF SOVEREIGN IMMUNITY?
REVERSED and REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
GLICKSTEIN, WALDEN and STONE, JJ., concur.