579 So.2d 719 (1991)
PALM BEACH COUNTY, Petitioner,
v.
TOWN OF PALM BEACH, Etc., et al., Respondents.
No. 73956.
Supreme Court of Florida.
January 31, 1991.
Rehearing Denied May 16, 1991.
Robert L. Nabors and Arthur R. Wiedinger, Jr. of Nabors, Giblin, Steffens & Nickerson, P.A., Tallahassee, and Van Cook, Palm Beach County Atty., West Palm Beach, for petitioner.
John A. DeVault, III of Bedell, Dittmar, DeVault & Pillans, P.A., Jacksonville, for respondents.
PER CURIAM.
The district court certified the following question of great public importance:
IS A GOVERNMENTAL ENTITY IMMUNE FROM THE PAYMENT OF POSTJUDGMENT INTEREST UNDER THE DOCTRINE OF SOVEREIGN IMMUNITY?
Town of Palm Beach v. Palm Beach County, 537 So.2d 1055, 1056 (Fla. 4th DCA 1989) (Palm Beach II). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and approve the decision of the district court.
The initial dispute in this case concerned the application of section 336.59, Florida Statutes (1983) (repealed October 1, 1984), which provided:
Levy of tax for road and bridge purposes; proportion to municipalities. 
(1) The commissioners shall levy a tax not to exceed 10 mills on a dollar on all property in their county each year for road and bridge purposes. Such tax, when collected, shall be paid over to the county depository and kept in a separate fund, which fund shall not be expended for any other purpose than for work on the public roads and bridges in the county, and for the payment of the salaries of employees engaged in road and bridge work, and in providing the necessary tools, materials, implements, and equipment and for the necessary work on such roads and bridges.
(2) One-half of the amount realized from such special tax on the property in incorporated cities and towns shall be turned over to such cities, urban service districts, and towns, in accordance with the schedule required in s. 197.0124, to be used in constructing, repairing, and maintaining the roads, streets, and bridges thereof, as may be provided by the ordinances of such cities and towns; however, any such cities and towns that have no jurisdictional responsibility for streets, roads, or bridges are authorized to exchange the funds received under this section for like amounts of unrestricted county funds.
Pursuant to this section, a special road and bridge tax was levied by the county at the rate of .9102 mills in fiscal year (FY) 1980-81, *720 .0479 mills in FY 1981-82, and .0001 mills in FYs 1982-83 and 1983-84. The cities challenged the insufficiency of the county's levies and prevailed. The Fourth District Court of Appeal affirmed the trial court's conclusion that the .0001 mill levies for 1982-83 and 1983-84 were insufficient, noting that the levies were so insufficient they amounted, in effect, to a "sham." Palm Beach County v. Town of Palm Beach, 507 So.2d 128, 130 (Fla. 4th DCA 1986) (Palm Beach I). On remand, the trial court entered an amended final judgment,[1] but with no allowance for interest. The cities appealed, alleging that the county was obligated to pay postjudgment interest on the amended judgment from the date of the original judgment. The district court agreed (Palm Beach II), and certified the question.
We find that the question presented is governed by section 55.03, Florida Statutes (1987), which in relevant part provides:
Judgments; rate of interest, generally. 
(1) A judgment or decree entered on or after October 1, 1981, shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.
The county nevertheless argues that section 55.03 is inapplicable because interest may only be awarded when the right to interest can be implied from the language of a statute which waives soverign immunity. For this proposition the county relies primarily upon Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982); University Presbyterian Homes, Inc. v. Smith, 408 So.2d 1039 (Fla. 1982); and Mailman v. Green, 111 So.2d 267 (Fla. 1959). Presbyterian Homes and Mailman are distinguishable in that they involve the question of prejudgment interest, a question not presented here. Berek is distinguishable by the fact that a specific statute limited the amount of tort recovery to $50,000. This Court determined that the limitation included costs and postjudgment interest. The county also relies upon cases in which postjudgment interest was awarded, Roberts v. Askew, 260 So.2d 492 (Fla. 1972); Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla. 1956); Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935), attempting to distinguish them based on references to general statutes waiving immunity or authorizing suit.[2]
In this instance, we find it unnecessary to look for an underlying statute to imply interest, when section 55.03 expressly provides for postjudgment interest without listing any exception to its application. The question of governmental immunity from suit was resolved below against the county (Palm Beach I), and was not appealed. The county now is inappropriately attempting to relitigate the immunity issue.[3]
The county also argues that Flack v. Graham, 461 So.2d 82 (Fla. 1984), precludes the award of interest. We do not find Flack relevant here. Flack involved the necessity of "choosing between innocent victims" in order to reach an equitable result. Id. at 84. The instant case involves deliberate acts on the part of the county to circumvent the tax-sharing mandate of section 336.59, Florida Statutes.
The county finally argues that there are policy reasons for denying the award of *721 interest in cases involving intergovernmental disputes  that the award of interest will have a chilling effect upon the right of governmental entities to appeal decisions. We disagree. Once the governmental entity has fully litigated the issue of its immunity and has lost on the merits, we see no reason why it should be shielded from paying interest on the judgment simply because the prevailing party is another governmental entity.
Accordingly, we answer the certified question in the negative and approve the decision of the district court.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Judge, dissenting.
I dissent. This is a government-versus-government dispute, and the losers are the taxpayers of Palm Beach County. Specifically, I dissent from that part of the opinion which holds that a governmental entity is not immune from the payment of post-judgment interest under the doctrine of sovereign immunity where the dispute concerns a tax assessment enacted by a governmental legislative body, in this instance a county commission, and where the interest beneficiary is another governmental entity, a special-purpose government fund.
In my view, the county commission in this instance was clearly exercising a governmental function. It was acting in its legislative capacity and, consequently, even if it was wrong, it is not subject to a claim of postjudgment interest. The dispute concerned a proper tax assessment, under section 336.59, Florida Statutes (1983), by the county commission for "road and bridge purposes" in Palm Beach County. As a result of the majority opinion, the taxpayers will have to pay not only a proper assessment for road and bridge purposes but also an additional assessment for interest. This is a penalty which penalizes the taxpayer. This is clearly not a situation where a debtor has had the use of the money awarded in a judgment.
In my view, the legislature never intended, when it enacted the assessment statute, section 336.59, nor when it enacted section 55.03, Florida Statutes (1987), to apply postjudgment interest to a dispute between governmental entities concerning what is a proper legislative determination of a tax assessment for a strictly governmental purpose. Further, sovereign immunity for this clearly governmental function has never been waived by the legislature.
The certified question should be answered in the affirmative.
NOTES
[1] The parties stipulated to the amount of the amended judgment, and the causes of the amendment are neither at issue nor relevant here.
[2] We find nothing in those cases inconsistent with an award of interest here. Particularly relevant in them is the observation that an award of interest is necessary to do "complete justice," Gladden, 86 So.2d at 813; Treadway, 117 Fla. at 858, 158 So. at 519, or to satisfy a "basic sense of fairness." Simpson v. Merrill, 234 So.2d 350, 351 (Fla. 1970) (cited for authority in Roberts).
[3] Likewise unavailing is the county's assertion that, because it was exercising a purely governmental function, sovereign immunity prevents the award of postjudgment interest. Although, in tort actions, the exercise of a purely governmental function may appropriately raise the defense of sovereign immunity from liability, it is not a defense to the award of interest where the county's liability has been determined.