PER CURIAM.
We have for review a final order on class plaintiffs’ motion for prejudgment interest and a final order on class plaintiffs’ motion for postjudgment interest. These orders have been entered since our decision in Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), petition for cert. filed, 63 U.S.L.W. 3660 (U.S. Feb. 27, 1995) (No. 94-1443). The district court certified the orders to have a great effect upon the proper administration of justice throughout this state and to require immediate resolution by this Court. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
The issue in this case is whether those individuals who are due a refund are entitled to prejudgment and postjudgment interest. We answer the question in respect to prejudgment interest in the negative, finding that there is no entitlement to prejudgment interest in this action to recover a tax refund. State ex rel. Four-Fifty Two-Thirty Corp. v. Dickinson, 322 So.2d 525 (Fla.1975); Mailman v. Green, 111 So.2d 267 (Fla.1959). We answer the question in respect to post-judgment interest by determining that there is not a final money judgment, and therefore there is not at present an entitlement to postjudgment interest in this case under these circumstances. Flack v. Graham, 461 So.2d 82 (Fla.1982); State ex rel. Four-Fifty Two-Thirty Corp., 322 So.2d at 529; Mailman, 111 So.2d at 268.
We approve the circuit court’s denial of prejudgment and postjudgment interest. We hereby relinquish jurisdiction to the circuit court and order that the circuit court within 30 days from the date of the filing of this decision finalize this action by determining and entering an order as to attorney fees and costs to be paid out of the common fund and entering an order to implement the refund plan approved by the circuit court.
Any party who seeks review by this Court of the circuit court’s order on attorney fees and costs or of the order implementing the refund plan approved by the circuit court shall petition this Court for review within ten days of the circuit court’s entry of these orders. Briefs for that appeal will be expedited, and if oral argument is granted by this Court, it will be scheduled on an expedited basis.
We reserve jurisdiction to take such further action necessary to implement the refund plan.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.