672 So.2d 840 (1996)
Quinton DRYDEN, et al., Appellants,
v.
MADISON COUNTY, Florida, a political subdivision of the State of Florida, and Wes Kelley, in his official capacity as Tax Collector, Madison County, Florida, Appellees.
MADISON COUNTY, Florida, a political subdivision of the State of Florida, and Wes Kelley, in his official capacity as Tax Collector of Madison County, Florida, Appellants,
v.
Quinton DRYDEN, et al., Appellees.
Nos. 95-466, 95-978.
District Court of Appeal of Florida, First District.
March 5, 1996.
Question Reworded on Limited Grant of Clarification May 7, 1996.
*841 Larry E. Levy of Law Offices of Larry E. Levy, Tallahassee, for appellants/cross appellees.
George T. Reeves and Edwin B. Browning, Jr. of Davis, Browning & Schnitker, P.A., Madison; Ken Van Assenderp, Tallahassee, for appellees/cross appellants.
WOLF, Judge.
Quinton Dryden and other taxpayers (hereinafter taxpayers) appeal from a final order on remand which, among other things, denied a refund of monies paid pursuant to special assessments levied by Madison County (county) in 1989 and 1990. The taxpayers assert on appeal that the trial court erred in finding that the taxpayers are not entitled to a refund of monies paid for years 1989 and 1990 pursuant to levies imposed by ordinances which have been determined to be illegal, null, and void. The county cross appeals and asserts that the trial court erred by awarding interest beginning from the date of the taxpayers' payments of special assessments for the 1991-1993 years thus in effect, awarding unauthorized and prohibited prejudgment interest. We affirm as to the issue on direct appeal, but reverse as to the issue on cross appeal. We also certify a question of great public importance to the supreme court.
In 1989, Madison County adopted four ordinances purporting to levy special assessments against property located within the county for garbage collection and disposal, landfill closure, ambulance service, and fire protection. The validity of the 1989 ordinances was challenged in two suits, which were consolidatedone filed by Wiley Foxx, and a second filed by Quinton Dryden (a class action). In response to the suits, the county passed four new ordinances in 1990, purporting to amend the 1989 ordinances. In June 1990, by amended complaint, the validity of the 1990 ordinances was also attacked.
In the suits, the taxpayers maintained, among other things, that the ordinances were deficient because the county failed to comply with section 125.01(1)(q)2, Florida Statutes (1989), and requested a refund of all levies previously paid. The trial court entered summary judgment in favor of Foxx and Dryden, concluding that all the county ordinances were invalid and null and void because the county had failed to comply with section 125.01(1)(q), and that the charges levied were not special assessments but rather taxes for the general benefit of the county. The trial court also found that the municipalities had not consented as required by statute; therefore, appellees as a class were entitled to a refund of all levies paid. That order was appealed to this court by the county.
While the 1990 case was pending on appeal, another action was filed by the same parties challenging the validity of the assessments *842 levied by Madison County for the years 1991, 1992, and 1993, because assessments for those years were also based on the ordinances challenged in the prior appeal. The parties executed two stipulations. The stipulations provided that the 1992 case would be held in abeyance with the understanding that the decision of the appellate court would be binding precedent, and further provided that tax certificates would not be issued during the time that the case was being considered and ruled upon by the appellate court. The stipulation also provided,
c) If such ordinances are found to be unlawful and a refund ordered all special assessments and/or non-ad valorem assessments collected pursuant thereto shall be held void and refunds shall be made to Plaintiffs and all members of the class paying same.
In Madison County v. Foxx, 636 So.2d 39 (Fla. 1st DCA 1994), this court found (1) that the 1989 ordinances were invalid for the total failure to comply with section 125.01(1)(q)2, Florida Statutes (1989), the statute expressly named in the ordinance as authority for their adoption; (2) that the question of whether the alleged ordinance constituted special assessments or illegal taxes involved mixed questions of law and fact, therefore, the trial court erred in granting summary judgment; and (3) as to the question of whether the county was required to refund monies collected pursuant to the 1989 ordinances, that
[u]pon examination of the case law on the subject, Gulesian v. Dade County School Board, 281 So.2d 325 (Fla.1973) and Coe v. Broward County, 358 So.2d 214 (Fla. 4th DCA 1978), it is our view that many factual and legal issues remain to be considered before deciding the refund issue, and it was inappropriate for the trial court to determine this issue summarily as a matter of law. In addition to the issue of whether the County acted in good faith, there remain unanswered questions whether a refund is fiscally possible for Madison County, and whether the cost of processing such refunds would be prohibitive.
Madison County v. Foxx, supra at 50.
On remand, the trial court determined to allow refunds for the years 1991, 1992, and 1993, but decided that because appellee acted "within the good faith parameters of Gulesian,"[1] the taxpayers were not entitled to refunds for 1989 and 1990. The trial court specifically found that prior to its finding in November 1991 that the 1989 and 1990 assessments were invalid, the county had acted in good faith based on information obtained from State Association of County Commissioners meetings and "expert" outside counsel who had helped draft the state legislation on special assessments.
The taxpayers' attack on the trial court's determination is essentially two pronged. They first assert that Gulesian is inapplicable because unlike the taxing authority in Gulesian, the county in this case did not act in reliance on a state statute that was later declared to be invalid, but rather in adopting the ordinance, the county acted in a manner that was directly in conflict with the statute under which it purported to act. Secondly, the taxpayers assert that the case of Gulesian has been overruled or modified as a result of the decisions in McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), and Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994) (Kuhnlein I).
In Gulesian v. Dade School Bd., supra, the supreme court held that under certain circumstances, such as where the governing entity acted in good faith, it would not be required to refund the proceeds of a tax which is subsequently invalidated. In Madison County v. Foxx, supra, this court determined that even though the county had acted inconsistently with state statutes in enacting the ordinances, the case still had to be remanded for a determination of whether the county acted in good faith in passing the assessment. Inherent in this ruling was that under the circumstances of this case, 1) Gulesian could be applicable, and 2) the ordinance adoption which was found to be inconsistent with state statute was only one of the factors to be considered in making the factual determination of whether the county acted *843 in good faith.[2] We find that there was substantial competent evidence to support the trial court's conclusion that the county acted in good faith in enacting the 1989 and 1990 ordinances, and decline to disturb the decision of the trial court as to the refund for those years.
We also find that the McKesson and Kuhnlein I decisions did not overrule the supreme court's holding in Gulesian. In McKesson Corp. v. Division of Alcoholic Beverages, supra, the supreme court held that if a state requires a citizen to pay a tax prior to challenging the tax, and the tax is later determined to violate the United States Constitution, then the state must provide a meaningful postpayment remedy for taxpayers who made payment pursuant to the unconstitutional taxing scheme. In Kuhnlein I, supra, the Florida Supreme Court, citing McKesson, determined that the trial court did not err in determining that the appropriate remedy for individuals who were required to pay a tax that violated the Commerce Clause of the United States Constitution was to refund the illegal tax. Neither Kuhnlein I nor McKesson specifically overruled Gulesian, supra.[3]
In addition, in the present case, the tax in question was invalidated for failure to follow statutory procedures, and did not involve a violation of the United States Constitution. In both McKesson and Kuhnlein I, the taxes were invalidated based on inconsistencies with the United States Constitution. Thus, the requirements of the United States Supreme Court concerning meaningful remedies are inapplicable in this case.
The county asserts on cross appeal that the trial court erred in awarding interest to the taxpayers from the date of the payments of the special assessments in 1991, 1992, and 1993. They assert that this constituted prejudgment interest in the 1992 lawsuit, because no judgment was entered in the 1992 lawsuit until after the 1990 lawsuit challenging the 1989 and 1990 amendment was resolved on appeal. See Madison County v. Foxx, supra.
The trial judge reasoned that the award was
not prejudgment interest as Case No. 92-173 which challenged the assessments for each of those years was held in abeyance by the stipulation of the parties recognizing that since the ordinance and assessments and issues raised concerning same were identical in both cases, the outcome in the first case would control the outcome of the second case.
We agree with the county that no judgment was entered in the 1992 case, and the award constituted prejudgment interest.
In Kuhnlein v. Department of Revenue, 662 So.2d 308 (Fla.1995) (Kuhnlein II), the court determined that there was no entitlement to prejudgment interest in a tax refund case, and reaffirmed that postjudgment interest could only run from the time of a final judgment. Palm Beach County v. Town of Palm Beach, 579 So.2d 719 (Fla.1991), relied on by the taxpayers, also does not provide for prejudgment interest. In that case, the court held that the party challenging the tax was entitled to postjudgment interest from the date of the entry of the original judgment rather than the amended final judgment.
In the instant case, no final judgment was entered as to the validity of the 1991, 1992, and 1993 assessments. While the parties stipulated that the outcome of the 1990 case *844 would control the subsequent litigation, there was no agreement concerning the date that a judgment as to these taxes would be entered. The stipulation between the parties provided for a refund of the tax monies to the plaintiffs from the years 1991, 1992, and 1993; however, the agreement is silent as to the payment of any interest. Under these circumstances, we determine that the trial court illegally ordered prejudgment interest. We, therefore, reverse that portion of the final judgment and order that the award of prejudgment interest be stricken. In all other respects the judgment is affirmed.
We do, however, recognize that there is some question concerning the continuing vitality of the Gulesian decision in light of the McKesson and Kuhnlein I decisions. We, therefore, certify the following question to the supreme court as being one of great public importance:
IS THE HOLDING OF GULESIAN V. DADE COUNTY SCHOOL BD., 281 So.2d 325 (Fla.1973), WHICH PROVIDES THAT UNDER CERTAIN CIRCUMSTANCES A GOVERNMENTAL ENTITY NEED NOT REFUND PROCEEDS FROM A TAX OR, IN THIS CASE, A SPECIAL ASSESSMENT THAT IS LATER DETERMINED TO BE ILLEGAL, STILL VALID AFTER THE DECISIONS OF MCKESSON V. DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), AND KUHNLEIN V. DEPARTMENT OF REVENUE, 662 So.2d 308 (Fla.1995).
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] Gulesian v. Dade County School Bd., 281 So.2d 325 (Fla.1973).
[2] It would appear that this court's determination that the county could have acted in good faith in enacting the ordinance despite the legislative language was the court's observation that the statutes were unclear: "We have briefly, but by no means exhaustively, outlined the legislative history of the pertinent provisions of section 125.01 to illustrate that this statute, and its legislative history, do not conclusively answer the question of the authority of counties to impose special assessments within municipalities, nor does the body of case law cited by the parties. That experienced lawyers, who have argued cases on the meaning of these statutes and the constitutional provisions for several yearsone nearly a quarter of a century agoargue vehemently such divergent interpretations of these statutes is testament to their confusing message and the need for legislative action." Madison County v. Foxx, supra at 48 and 49 (footnote omitted).
[3] This court would not have previously remanded this case in Madison County v. Foxx for application of the Gulesian factors if, in fact, this court felt that Gulesian had been overruled.