DAVIS, Judge.
The State of Florida appeals a final summary judgment ruling that appel-lees/plaintiffs below were entitled to a tax refund with interest. The dispute over the tax assessment was based upon the Department of Revenue’s interpretation that section 440.57(7), Florida Statutes (1989), obligated the Florida Hotel-Motel Self Insurers Fund to pay the premium tax in section 624.509, Florida Statutes (1989), without entitlement to the salary credit provided in section 624.509(5). For the reasons expressed in our opinion in State of Florida, Dep’t of Revenue v. Central Dade Malpractice Trust Fund, 673 So.2d 899, released on this date, we affirm the trial court’s conclusion that appel-lees are entitled to the salary credit and to a refund of the overpayment of tax resulting from calculating their tax obligation without accounting for that credit.
We also affirm the trial court’s conclusion that appellees are entitled to post-judgment interest on that amount. Unlike the circumstance in Kuhnlein v. Department of Revenue, 662 So.2d 308 (Fla.1995), this is a final money judgment, and therefore there is now an entitlement to post-judgment interest. In that ease the Florida Supreme Court expressly ruled that there is no entitlement to prejudgment interest on a tax refund, but did not hold that there cannot be post-judgment interest on a tax refund. Instead, the court stated that it was affirming the denial of post-judgment interest because there was not yet a final money judgment, and relinquished jurisdiction to the circuit court for entry of a final order. See also Dryden v. Madison County, Florida, 672 So.2d 840, 841 (Fla. 1st DCA 1996). We affirm appellees’ entitlement to post-judgment interest. See *903 Palm Beach County v. Town of Palm Beach, 579 So.2d 719 (Fla.1991).
AFFIRMED.
ZEHMER, C.J., and BARFIELD, J., concur.