PER CURIAM.
We have on appeal a final circuit court order denying class action plaintiffs’ motion for determination of postjudgment interest. This order has been entered since our decision in Kuhnlein v. Department of Revenue, 662 So.2d 308 (Fla.1995) (Kuhnlein II). The Fifth District Court of Appeal certified the order to have a great effect on the proper administration of justice throughout the state and to require immediate resolution by this Court. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
The issue in this case is whether those individuals who are due a refund of vehicle impact-fee payments from the Department of Revenue are entitled to postjudgment interest. We affirm the denial of postjudgment interest by the trial court in its order dated January 30,1996.
Appellants, the class plaintiffs below, initially moved for prejudgment interest and determination of the amount of postjudgment interest on the refunds, the circuit court entered a final order denying prejudgment and postjudgment interest, and this Court affirmed. Kuhnlein v. Department of Revenue, 662 So.2d 308 (Fla.1995) (Kuhnlein II). In 1995, appellants argued changed circumstances and again moved for postjudgment interest pursuant to Kuhnlein II. Appellants now appeal the circuit court’s denial on January 30,1996, of their renewed motion for postjudgment interest and argue in this Court that the circuit court’s order of July 13, 1995, as to attorney fees is a final judgment for purposes of awarding postjudgment interest. We disagree.
This is the fourth review by this Court of issues arising from the Florida vehicle impact fee, section 319.231, Florida Statutes (1991).[1] In Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994) (Kuhnlein I), we approved a decision by the circuit court in a class action for declaratory judgment which declared section 319.231 unconstitutional and ordered the Department of Revenue to refund impact fees actually paid by members of the class. In Kuhnlein II, we decided issues concerning interest prior to the refund distribution, which the circuit court had stayed pending the determination of the amount of attorney fees to be paid out of the common fund. 662 So.2d at 308. In Kuhnlein II, we ordered that the circuit court, within thirty *267 days from the date of the filing of our decision, finalize this action by determining and entering an order to implement the refund plan approved by the circuit court. The court timely determined the attorney-fee and expense issues, entered an order on attorney fees and expenses, and entered a final order on class counsel’s motion for distribution of residual funds. In Kuhnlein v. Department of Revenue, 662 So.2d 309 (Fla.1995) (Kuhn-lein III), we reviewed the circuit court’s July 13, 1995 orders on attorney fees and expenses and on distribution of residual funds.
In Kuhnlein II, we answered the question in respect to postjudgment interest by determining that there was no final money judgment and therefore no entitlement to post-judgment interest in this ease under these circumstances, 662 So.2d at 308, citing Flack v. Graham, 461 So.2d 82 (Fla.1984); State ex rel. Four-Fifty Two-Thirty Corp. v. Dickinson, 322 So.2d 525, 529 (Fla.1975); and Mailman v. Green, 111 So.2d 267, 268 (Fla.1959).
Appellants now contend that the circuit court’s January 30, 1996 order denying post-judgment interest was erroneous because a final judgment was created when the orders as to attorney fees, expenses, and distribution of residual funds were entered by the circuit court on July 13, 1995. Appellants argue that with the entry of those orders the court finalized the action, as we held in Kuhnlein II, and thereby made applicable section 55.03, Florida Statutes (1995).[2]
Appellees respond that the circuit court’s orders were not a final money judgment and that section 55.03 does not apply to orders directing tax refunds. Furthermore, sovereign immunity applies to interest on tax refunds, and this sovereign immunity has not been waived. Alternatively, even if interest can be awarded, the holding in Mailman should be followed, thereby limiting interest to instances in which there is a clear legal duty to pay a refund which has been established by court order from the highest level of appeal and there is a factual demonstration that the refund has been unreasonably withheld from the taxpayer.
We decide the issue in this ease by again noting that there is not a final money judgment. Therefore, section 55.03, Florida Statutes, does not apply in this case. We distinguish this case from Department of Revenue v. Brock, 673 So.2d 902 (Fla. 1st DCA), review granted, 682 So.2d 1099 (Fla.1996); and Palm Beach County v. Town of Palm Beach, 579 So.2d 719 (Fla.1991), based on the fact that there were final money judgments in those cases.
In this case, we find the reasoning of Mailman to apply. This was an action for declaratory judgment in which the taxing statute was declared unconstitutional and the remedy was an order directing the Department of Revenue to refund payments to all those who paid the tax. The Department had to resolve numerous legal and administrative details in order to comply with the ordered remedy even after the determination of attorney fees and expenses. There has been no showing in this record that the Department has not proceeded with reasonable diligence in complying with the refund order.
In Kuhnlein II, we stated that there was not at that time an entitlement to post-judgment interest. 662 So.2d at 308. However, we did not foreclose the possibility that an award of interest could later apply in this case if the Department of Revenue’s conduct was shown to be inequitable because of dilatory action in the refund process. This continues to be our decision until the refund process is complete. If the Department is not pursuing the refunds to completion with reasonable diligence, then appellants should so demonstrate to the circuit court. Interest then would be payable only on funds remaining that should have been refunded from the date the circuit court determined that the funds should reasonably have been refunded but were not refunded because the Department inequitably failed to make the refunds.
*268 For the reasons stated, we affirm the circuit court’s order entered January 30, 1996.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., recused.

. Section 319.321 imposed an impact fee of $295 on each original certificate of title issued for a motor vehicle previously titled outside of Florida.

. Section 55.03(2), Florida Statutes, provides:
Any process, writ, judgment, or decree which is directed to the sheriffs of the state to be dealt with as execution shall bear, on the face of the process, writ, judgment or decree, the rate of interest which it shall accrue from date of judgment until payment.